**APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Central Islip)
### Adversary Proceeding #: 8−20−08049−ast

*Assigned to:* Judge Alan S. Trust  
*Lead BK Case:* 18−71748  
*Lead BK Title:* Orion Healthcorp, Inc. and Allied World National Assurance Co.  
*Lead BK Chapter:* 11  
*Demand:* $4020000  
   *Nature[s] of Suit:*   12  Recovery of money/property − 547 preference  
                                   13  Recovery of money/property − 548 fraudulent transfer  
                                   14  Recovery of money/property − other

*Date Filed:* 03/13/20

*Plaintiff*
-----------------------

**Howard M Ehrenberg,** *in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al*

represented by **Jeffrey P Nolan**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017
310−772−2313
Fax : 310−201−0760
Email: jnolan@pszjlaw.com

**Jeffrey Norlan**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017
*LEAD ATTORNEY*

**Ilan D Scharf**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
36th Floor
New York, NY 10017
(212) 561−7721
Fax : (212) 561−7777
Email: ischarf@pszjlaw.com
*LEAD ATTORNEY*

V.

*Defendant*
-----------------------

**Arvind Walia**

represented by **Paris Gyparakis**
Porzio, Bromberg & Newman, P.C.
1675 Broadway, Ste 1810
New York, NY 10019
212−265−6888

Fax : 212−957−3983
Email: pgyparakis@pbnlaw.com

**Christine McCabe**
Christine McCabe
4609 Bedford Blvd.
Wilmington, DE 19803
302−354−2166
Email: cmccabe@rosenpc.com

**Sanford P Rosen**
Rosen & Associates, P.C.
747 Third Avenue
New York, NY 10017−2803
(212) 223−1100
Fax : (212) 223−1102
Email: srosen@rosenpc.com

**Eugene Ronald Scheiman**
The Law Office of Eugene R. Scheiman
17 State Street
Ste Floor 40
New York, NY 10004
212−594−7563
Email: eugene.scheiman@scheimanlaw.com

*Defendant*
−−−−−−−−−−−−−−−−−−−−−−−−
**Niknim Management Inc.**              represented by **Paris Gyparakis**
                                                       (See above for address)

                                                       **Sanford P Rosen**
                                                       (See above for address)

                                                       **Eugene Ronald Scheiman**
                                                       (See above for address)

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|
| 12/06/2024 | 153 | Order Granting and Denying in Part Judgment against Defendants Arvind Walia and Niknim Management Inc. Plaintiffs First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272−275, and §273−a, to avoid and recover the transfer in the amount of $1,520,000 and Fourth Cause of Action For Recovery of Property Pursuant to 11 U.S.C.§544 and N.Y. Debtor and Creditor Law is granted as to each causes of action. Defendants NIKNIM Management, Inc., and Arvind Walia, individually, are joint and severally liable for $1,520,000. Plaintiffs Fifth Cause of Action to Object to the Claim No. 10067, filed in the amount of $61,590, as filed by Arvind Walia, is granted and the claim disallowed pursuant to Bankruptcy Code section 502(d). Plaintiff is awarded plus pre− judgment interest in accordance with the applicable interest rate as to the Second Transfer as against Defendants Arvind Walia and NIKNIM Management Inc., jointly and individually. The Court retains jurisdiction over remaining matters related thereto including costs and issuance of judgment (RE: related document(s)1 Complaint). Signed on 12/6/2024 (dnb) (Entered: 12/06/2024) |

| | | | |
|---|---|---|---|
| 04/03/2025 | | 157 | Judgment against Defendants Arvind Walia and Niknim Management Inc. ORDERED AND ADJUDGED that Plaintiff recover the following: Judgment is hereby entered against Defendants, Arvind Walia, and NIKNIM Management, Inc., jointly and individually, and in favor of Plaintiff, Howard M Ehrenberg, the duly appointed Liquidating Trustee for Orion Healthcorp., Inc., in the amount of $1,520,000 in principal plus costs of suit of $350.00 and prejudgment interest, calculated from the date of the filing of the Complaint on March 13, 2020, to judgment, (1,831 days) calculated in accordance with New York State Law at 9% simple interest in the amount of $686,248.76, for a total judgment of $2,206,598.76.Post–judgment interest shall accrue and be payable by Defendants, Arvind Waliaand NIKNIM Management, Inc., jointly and individually at the prevailing federalrate pursuant to 28 U.S.C. § 1961(a) from the date of entry of this Judgment to the date the amount is paid in full (RE: related document(s)153 Order). Signed on 4/3/2025 (dnb) (Entered: 04/04/2025) |
| 04/21/2025 | | 168 | Cross Appeal . Fee Amount $298 Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg (RE: related document(s)159 Notice of Appeal filed by Defendant Arvind Walia, Defendant Niknim Management Inc.). Appellant Designation due by 05/5/2025. (Attachments: # 1 Civil Cover Sheet)(Nolan, Jeffrey) (Entered: 04/21/2025) |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>　　　　　　　　Defendants. | Adv. Proc. No. 20-08049 (AST) |

### ORDER GRANTING AND DENYING IN PART JUDGMENT AGAINST DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC.

The Court, having held trial in the above-referenced matter on July 24, 2024, and having considered the evidence, the Court's April 10, 2024 ruling on *Motion for Summary Judgment, or in the Alternative Summary Adjudication as Against Defendants Arvind Walia; Niknim Management Inc*, prior pleadings and the record in this bankruptcy case as a whole; and having set this matter for a ruling conference on November 20, 2024 (the "Ruling Conference"); and sufficient cause appearing; and for the reasons set forth on the record of the Ruling Conference including certain legal and factual findings of the Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, to avoid and recover the

      transfer in the amount of $2,500,000 (the "First Transfer"), made to the Defendants Arvind Walia and NIKNIM Management, Inc., is denied as to either causes of action.

2. Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, to avoid and recover the transfer in the amount of $1,520,000 (the "Second Transfer") and Fourth Cause of Action For Recovery of Property Pursuant to 11 U.S.C.§544 and N.Y. Debtor and Creditor Law is granted as to each causes of action. Defendants NIKNIM Management, Inc., and Arvind Walia, individually, are joint and severally liable for $1,520,000.

3. Plaintiff's Fifth Cause of Action to Object to the Claim No. 10067, filed in the amount of $61,590, as filed by Arvind Walia, is granted and the claim disallowed pursuant to Bankruptcy Code section 502(d).

4. Plaintiff is awarded plus pre- judgment interest in accordance with the applicable interest rate as to the Second Transfer as against Defendants Arvind Walia and NIKNIM Management Inc., jointly and individually.

5. The Court retains jurisdiction over remaining matters related thereto including costs and issuance of judgment.



Dated: December 6, 2024
      Central Islip, New York

      Alan S. Trust
      Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 18-71748-(AST) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>                Plaintiff,<br><br>      - against -<br><br>ARVIND WALIA; NIKNIM MANAGEMENT, INC.,<br><br>                Defendant. | Adversary Proc. No. 20-08049-(AST) |

**JUDGEMENT AGAINST ARVIND WALIA AND NIKNIM MANAGEMENT, INC.**

The Court having called this adversary for the duly scheduled ruling conference on November 20, 2024, (the "Ruling Conference") following the trial conducted on July 24, 2024, and the Court having considered the evidence submitted by the parties and issued its order related thereto, judgment is hereby entered against Arvind Walia and NIKNIM Management,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal ta  identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Ac uisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Ac uisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoeni  Health, LLC (0856); MDR  Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing   Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate head uarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748

Inc., jointly and individually, in favor of the Plaintiff, Howard M. Ehrenberg, In His Capacity As Li uidating Trustee Of Orion Healthcorp, Inc., as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff recover the following:

1. Judgment is hereby entered against Defendants, Arvind Walia, and NIKNIM Management, Inc., jointly and individually, and in favor of Plaintiff, Howard M Ehrenberg, the duly appointed Li uidating Trustee for Orion Healthcorp., Inc., in the amount of $1,520,000 in principal plus costs of suit of $350.00 and prejudgment interest, calculated from the date of the filing of the Complaint on March 13, 2020, to judgment, (1,831 days) calculated in accordance with New York State Law at 9  simple interest in the amount of $686,248.76, for a total judgment of $2,206,598.76.

2. Post-judgment interest shall accrue and be payable by Defendants, Arvind Walia and NIKNIM Management, Inc., jointly and individually at the prevailing federal rate pursuant to 28 U.S.C. § 1961(a) from the date of entry of this Judgment to the date the amount is paid in full.

Dated: April 3, 2025
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge

2

7

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−8 | User: admin | Date Created: 4/4/2025 |
| Case: 8−20−08049−ast | Form ID: pdf000 | Total: 6 |

**Recipients of Notice of Electronic Filing:**
aty     Eugene Ronald Scheiman     eugene.scheiman@scheimanlaw.com
aty     Paris Gyparakis     pgyparakis@pbnlaw.com
aty     Sanford P Rosen     srosen@rosenpc.com

                              TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust     United States Trustee     Long Island Federal Courthouse     560 Federal Plaza − Room 560     Central Islip, NY 11722−4437 USA
10129404     Arvind Walia     C/O The Law Office of Eugene R. Scheiman     570 Lexington Avenue, Suite 1600     New York, New York 10022
10129405     Niknim Management Inc.     C/O The Law Office of Eugene R. Scheiman     570 Lexington Avenue, Suite 1600     New York, New York 10022

                              TOTAL: 3

Official Form 417A (12/23)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>　　　　　　　Debtor.<br><br>HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>　　　　　　　Plaintiff,<br><br>　- against -<br><br>ARVIND WALIA; NIKNIM MANAGEMENT, INC.,<br><br>　　　　　　　Defendant. | Chapter 11<br><br>Case No. 18-71748-ast<br><br><br><br><br>Adversary Proc. No. 20-08049-ast |

**NOTICE OF APPEAL AND STATEMENT OF ELECTION**

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):
   Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc.,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748

| Official Form 417A | Notice of Appeal and Statement of Election | page 1 |
|---|---|---|

Official Form 417A (12/23)

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☒ Other (describe) Cross-Appellant

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
Order Granting and Denying in Part Judgement Against Arvind Walia and Niknim Management, Inc., Docket No. 153; and Judgement Against Arvind Walia and Niknim Management, Inc., Docket No 157

2. State the date on which the judgment—or the appealable order or decree—was entered:
December 6, 2024; April 3, 2025

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Arvind Walia    Attorney: Sanford P. Rosen
                                   Rosen & Associates
                                   747 Third Avenue
                                   New York, NY 10017-2803

2. Party: Niknim Management, Inc.    Attorney: Sanford P. Rosen
                                              Rosen & Associates
                                              747 Third Avenue
                                              New York, NY 10017-2803

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

/s/ Jeffrey P. Nolan  
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: April 21, 2025

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):
Ilan D. Scharf; Jeffrey P. Nolan  
Pachulski Pachulski Stang Ziehl & Jones  
10100 Santa Monica Blvd, 13th Floor  
Los Angeles, CA   90067  
(310) 277-6910

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>Defendants. | Adv. Proc. No. 20-08049 (AST) |

**ORDER GRANTING AND DENYING IN PART JUDGMENT AGAINST DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC.**

The Court, having held trial in the above-referenced matter on July 24, 2024, and having considered the evidence, the Court's April 10, 2024 ruling on *Motion for Summary Judgment, or in the Alternative Summary Adjudication as Against Defendants Arvind Walia; Niknim Management Inc*, prior pleadings and the record in this bankruptcy case as a whole; and having set this matter for a ruling conference on November 20, 2024 (the "Ruling Conference"); and sufficient cause appearing; and for the reasons set forth on the record of the Ruling Conference including certain legal and factual findings of the Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, to avoid and recover the

transfer in the amount of $2,500,000 (the "First Transfer"), made to the Defendants Arvind Walia and NIKNIM Management, Inc., is denied as to either causes of action.

2. Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, to avoid and recover the transfer in the amount of $1,520,000 (the "Second Transfer") and Fourth Cause of Action For Recovery of Property Pursuant to 11 U.S.C.§544 and N.Y. Debtor and Creditor Law is granted as to each causes of action. Defendants NIKNIM Management, Inc., and Arvind Walia, individually, are joint and severally liable for $1,520,000.

3. Plaintiff's Fifth Cause of Action to Object to the Claim No. 10067, filed in the amount of $61,590, as filed by Arvind Walia, is granted and the claim disallowed pursuant to Bankruptcy Code section 502(d).

4. Plaintiff is awarded plus pre- judgment interest in accordance with the applicable interest rate as to the Second Transfer as against Defendants Arvind Walia and NIKNIM Management Inc., jointly and individually.

5. The Court retains jurisdiction over remaining matters related thereto including costs and issuance of judgment.



Dated: December 6, 2024
      Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>              Debtor. | Chapter 11<br><br>Case No. 18-71748-(AST) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>              Plaintiff,<br><br>   - against -<br><br>ARVIND WALIA; NIKNIM MANAGEMENT, INC.,<br><br>              Defendant. | Adversary Proc. No. 20-08049-(AST) |

## **JUDGEMENT AGAINST ARVIND WALIA AND NIKNIM MANAGEMENT, INC.**

The Court having called this adversary for the duly scheduled ruling conference on November 20, 2024, (the "Ruling Conference") following the trial conducted on July 24, 2024, and the Court having considered the evidence submitted by the parties and issued its order related thereto, judgment is hereby entered against Arvind Walia and NIKNIM Management,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal ta  identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Ac uisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Ac uisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoeni  Health, LLC (0856); MDR   Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing    Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate head uarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748

Inc., jointly and individually, in favor of the Plaintiff, Howard M. Ehrenberg, In His Capacity As Liquidating Trustee Of Orion Healthcorp, Inc., as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff recover the following:

1. Judgment is hereby entered against Defendants, Arvind Walia, and NIKNIM Management, Inc., jointly and individually, and in favor of Plaintiff, Howard M Ehrenberg, the duly appointed Liquidating Trustee for Orion Healthcorp., Inc., in the amount of $1,520,000 in principal plus costs of suit of $350.00 and prejudgment interest, calculated from the date of the filing of the Complaint on March 13, 2020, to judgment, (1,831 days) calculated in accordance with New York State Law at 9 simple interest in the amount of $686,248.76, for a total judgment of $2,206,598.76.

2. Post-judgment interest shall accrue and be payable by Defendants, Arvind Walia and NIKNIM Management, Inc., jointly and individually at the prevailing federal rate pursuant to 28 U.S.C. § 1961(a) from the date of entry of this Judgment to the date the amount is paid in full.



Dated: April 3, 2025
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge

2

# Notice Recipients

District/Off: 0207–8      User: admin      Date Created: 4/4/2025
Case: 8–20–08049–ast      Form ID: pdf000      Total: 6

**Recipients of Notice of Electronic Filing:**
aty      Eugene Ronald Scheiman      eugene.scheiman@scheimanlaw.com
aty      Paris Gyparakis      pgyparakis@pbnlaw.com
aty      Sanford P Rosen      srosen@rosenpc.com

           TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust      United States Trustee      Long Island Federal Courthouse      560 Federal Plaza – Room 560      Central Islip, NY 11722–4437 USA
10129404      Arvind Walia      C/O The Law Office of Eugene R. Scheiman      570 Lexington Avenue, Suite 1600      New York, New York 10022
10129405      Niknim Management Inc.      C/O The Law Office of Eugene R. Scheiman      570 Lexington Avenue, Suite 1600      New York, New York 10022

           TOTAL: 3

16

pRevised 02.13.2025; Effective 02.17.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc, Appellee; Cross-Appellant.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pachulski Stang Ziehl & Jones LLP  (310) 277-6910
780 Third Avenue, 34th Fl.
New York, NY 10017

## DEFENDANTS
Arvind Walia and Niknim Management, Inc., Appellant; Cross-Appellee.

County of Residence of First Listed Defendant  New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Rosen & Associates, P.C.   (212) 223-1100
P.O. Box 1274
Shelter Island Heights, NY 11965

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [x] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent – Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28:1334 Bankruptcy Appeal; 422 Bankruptcy Appeal (801)

Brief description of cause:
Order Granting and Denying in Part Judgement Against Arvind Walia and Niknim Management, Inc., Docket No. 153; and Judgement Against Arvind Walia and Niknim Management, Inc., Docket No 157

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: April 21, 2025

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Jeffrey P. Nolan*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**CERTIFICATION OF ARBITRATION ELIGIBILITY**

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration    ☐

I, Jeffrey P. Nolan, counsel for Plaintiff/Appellee; Cross-Appellants, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☒ monetary damages sought are in excess of $150 000, exclusive of interest and costs

☐ the complaint seeks injunctive relief

☐ the matter is otherwise ineligible for the following reason:

**DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1**

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

**RELATED CASE STATEMENT (Section VIII on the Front of this Form)**

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

**NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)**

If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.

1. Is the civil action being removed from a state court that is located in Nassau or Suffolk County?   ☐ Yes  ☒ No

2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County?   ☐ Yes  ☒ No

3. If you answered "no" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County?   ☒ Yes  ☐ No
   b. Do the majority of defendants reside in Nassau or Suffolk County?   ☒ Yes  ☐ No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County?   ☐ Yes  ☒ No

4. f this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County?  ☐ Yes ☒ No

*(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

**BAR ADMISSION**

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☒ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain   ☒ No

I certify the accuracy of all information provided above.

**Signature**: /s/ Jeffrey P. Nolan
Jeffrey P. Nolan

Revised 02.13.2025; Effective 02.17.2025

## Notice Recipients

District/Off: 0207–8  User: admin  Date Created: 4/22/2025
Case: 8–20–08049–ast  Form ID: pdf000  Total: 3

**Recipients of Notice of Electronic Filing:**
aty   Jeffrey P Nolan   jnolan@pszjlaw.com
aty   Sanford P Rosen   srosen@rosenpc.com

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust   United States Trustee   Long Island Federal Courthouse   560 Federal Plaza – Room 560   Central Islip, NY 11722–4437 USA

TOTAL: 1