29:24,25 30:19
31:20 36:22
38:13,18 39:12
**portion** 29:18
30:13 40:12
**portions** 34:17
**position** 40:1
**positions** 39:4
**possession**
20:15
**power** 18:6
**practical** 30:22
**practice** 9:12
11:1,4 14:12
24:2 26:9
27:18 30:18,21
46:13
**practices** 26:10
27:11
**preceded** 35:15
**prefer** 46:8
**prepare** 44:19
44:20
**prepared** 33:3
41:5 44:1
**prepetition**
8:20 9:9
**present** 18:18
37:18 45:3
**presented** 15:2
**presiding** 6:17
**pretrial** 43:17
44:20
**prevail** 21:17
**price** 27:19,21
27:22,25 28:4
28:7,12,13,18

30:14 38:13,15
**primarily** 9:12
26:9
**primary** 9:22
9:24
**principal** 9:22
**prior** 21:3,4
23:25 32:11
34:8,23
**private** 11:7,7
11:9,11
**privilege** 40:24
**probably**
43:22
**probative**
20:24
**procedure** 8:13
**procedures**
24:8
**proceeding** 8:3
8:18 9:6 13:24
15:17 22:23
23:19,20,25
34:17 36:7
44:4 45:25
46:11
**proceedings**
23:21 47:1
49:4
**proffered**
16:25
**projections**
33:10
**promise** 19:24
20:3
**promissory**
20:4

**proof** 10:21
35:17 41:6
**proper** 8:4,4
23:24
**property** 11:25
12:1,20 17:17
17:19,20 18:10
18:13,25 20:16
32:5 37:24
**proposed** 25:7
**protect** 30:18
30:23
**protocol** 45:5,9
**provided** 8:5
12:1,23 13:13
20:6 22:4 25:5
25:7 27:1
29:10 33:6,11
33:12,14 38:22
**provides** 18:16
27:18 31:1
34:24
**providing**
16:23
**provisions**
36:23 42:9
**purchase**
24:22 27:12,19
27:21,22 28:4
28:6,12,12,18
30:13,14 32:21
33:15 36:23
38:15,18,22
**purchaser**
30:19
**purchasing**
26:18 41:24

**purpose** 10:8
30:17
**purposes** 8:23
14:1 16:1 22:5
22:23,25 24:11
31:2 34:16,18
38:10 41:10,11
41:16 42:5
44:20
**pursuant** 8:12
27:11 31:5
**put** 6:21

**q**

**question** 17:16
21:20 22:3,6
28:9 36:6
**questions** 21:6

**r**

**r** 2:21 4:1,17
4:22 6:1 49:1
**raised** 8:15
15:19
**raises** 8:8
**ray** 36:2
**read** 26:11
**really** 28:3
**reason** 15:4
22:19
**reasonably**
36:9
**reasons** 9:1
20:14 21:18
22:10 25:17
43:7,7
**receive** 11:12
11:20 30:19

| | | | |
|---|---|---|---|
| **received** 12:18 20:18 39:25 | **reference** 23:23 | **remember** 6:19 44:11 | **resolve** 43:14 46:17 |
| **receiving** 12:20 41:17 | **referred** 10:15 30:10 | **rendered** 35:10 36:6 | **respect** 15:6 17:16 21:11 34:10 38:12 39:23 |
| **recite** 9:6 14:16 34:11 43:5 | **reflect** 13:8 31:16,20 | **repaid** 8:22,22 | |
| | **reflected** 31:17 31:18 | **repay** 19:25 20:3 | **restating** 43:7 |
| **record** 6:20 9:7 16:3,4 17:22 20:3,7,13 21:1 22:1 23:9 26:12 28:15 29:4 43:6,8 46:25 49:4 | **refocusing** 44:23 | **repeat** 23:8 | **result** 31:20,25 |
| | **regard** 35:4,24 | **replete** 15:10 | **resulted** 10:21 |
| | **registered** 27:3 | **report** 21:24 33:2,3,4 | **retention** 20:15 |
| | **regularly** 17:9 | **represent** 11:15 | **return** 12:23 25:25 26:5 32:4 43:10 |
| | **reily** 20:23 21:25 | | |
| | **reinventing** 43:21 | **representing** 7:18 | **returns** 33:12 |
| **recorded** 6:17 | | **request** 16:11 25:18 38:14 43:1 | **revenue** 9:12 26:9 33:10 |
| **records** 12:15 13:8 15:13 17:4,4,5,6,9,13 29:9 31:15,18 31:19,22 34:1 34:4 | **relate** 8:16 29:20 | | |
| | **related** 15:17 | | **revolves** 8:18 |
| | **relationship** 10:2 20:12,13 38:25 | **requests** 20:2 | **right** 7:12,17 7:22 20:19 23:13,17 44:3 45:14 46:18,21 |
| | | **required** 30:20 31:9 33:2,3,5 38:21 | |
| **recover** 24:25 29:23 40:2 | **relevant** 9:13 9:23 26:6,15 | **requirement** 15:9,21 35:9 | **rights** 30:18 42:10,12,19 |
| **recoverable** 18:10 | **relief** 10:24 25:22 43:5,5,9 43:10 | **requirements** 38:19,21 43:17 | **rita** 3:25 49:3,8 |
| **recovered** 24:13 | | **requires** 32:5 38:4 | **road** 5:3 27:4 49:21 |
| **recovery** 3:1 18:13 23:19 24:16 39:20,22 39:24 42:15 | **rely** 20:1 | **residence** 27:4 | **robinson** 10:15 10:16 11:20 12:4,9 17:23 18:6 25:1 29:12 33:19 |
| | **remain** 43:15 | **residences** 45:16 | |
| | **remained** 10:23 11:5 35:16 | **resident** 9:14 | |
| **redo** 15:4 | | **resolution** 43:12,12 46:12 | **rosen** 4:10,15 6:2,4,7,11 7:2 7:2,3 43:4 |
| **refer** 9:14,18 10:4,7 12:13 12:14 16:17 17:13 25:4 26:14,19,25 | **remaining** 26:4 34:17 43:9 | | |
| | **remedies** 25:15 | **resolutions** 27:9 42:2 | **routinely** 17:7 |

rule  8:1,12,13
  15:8,9 22:23
  24:6,9 34:15
  41:9 46:9
ruled  22:12
rules  8:13 15:8
  24:8
ruling  6:5,9
  7:23,25 24:4,5
  26:3
rulings  14:14
  15:2 23:9,10
  48:3

**s**

s  2:22 4:1 6:1
  6:16
s.d.n.y.  35:7,12
  40:6,23 42:14
sale  29:13
  32:20 33:4,17
  36:22 38:13
salon  41:24
sandpebble
  41:4
sanford  4:15
  7:2
sardis  22:8
sartison  13:7
  16:5,9
sartison's
  16:10
sat  18:6
satisfaction
  31:23 34:4
satisfied  21:23
satisfy  35:5,19

scale  11:6
schedules  33:5
  33:6
scheduling  9:3
  23:5
scheiman  4:17
  4:22 7:4,5 43:4
school  41:3
se  26:19
second  15:22
  15:24 16:18
  24:25 25:4,10
  25:21 29:22
  32:13 34:7
  36:25 37:2
  39:6,15 48:9
section  8:3
  18:2,12,16
  22:2,16 23:22
  25:14 30:15
  31:1,9 34:21
  34:24 37:11,11
  42:9,15,19
sections  33:7
  34:19
sector  9:11
securing  31:2
see  15:22 18:21
  19:8,13 22:8
  31:13 33:15
  35:5,10 36:2
  38:3 40:5,21
  41:3 42:13
  43:22
seek  25:12
seeking  23:19
  29:23 42:15

seeks  24:16
  39:24
seems  30:12
  44:13
seized  21:4
sell  27:20
  32:15
seller  32:22
seller's  31:2
sellers  27:13
  33:13
sent  10:13
  12:10,11 14:1
  25:3 32:3,10
separate  40:19
  40:21
separately
  14:23 25:7
series  9:11
  26:8
serious  22:15
serve  30:5
served  39:3
services  11:16
  11:21 13:13
  26:10,21 27:1
set  16:9 21:16
  22:20,22 23:2
  23:20 25:6,6
  26:1,3 28:4
  34:15 43:6,16
  43:17 44:6
  45:22
setting  44:7
settings  38:8
settle  43:11
  44:19

settlement
  44:22 45:10
several  11:14
  26:7 43:18
severally  40:15
share  28:12
shareholder
  9:25 13:21
  27:6 41:13
  42:2
shareholders
  27:9
shares  33:21
sheets  33:10
sheiman  7:5
short  6:5 23:7
shortest  19:22
shortly  12:19
  29:25
side  28:23
sideways  29:15
signature
  11:19 49:7
signed  11:18
  20:4 27:16
significant
  43:7
similarly  37:16
simply  19:23
  30:23 43:4
single  41:12
sit  46:12
skills  46:13
small  36:9
software  32:15
  32:17

| | | | |
|---|---|---|---|
| sole 27:5 | start 7:22 | successful | talk 22:19 |
| solutions 32:23 | 43:16 44:12 | 32:17 | talking 22:18 |
| 32:24 33:22 | started 43:19 | sufficient | tax 33:12 41:16 |
| 37:5 49:20 | state 6:19 9:14 | 35:19 | tech 32:19,22 |
| solvency 36:7 | 19:22 25:15 | suite 4:19 5:3 | 33:24 34:3,7 |
| 39:7,8 | 33:12 | 49:22 | technologies |
| somewhat | stated 23:1 | suits 41:24 | 26:13 29:12 |
| 44:21 | 24:10 26:11 | summary 3:3 | 30:4,7,8 |
| sore 6:12 | 28:10 30:17 | 8:6,7,23 9:2 | technology |
| sorry 6:7,11,12 | 31:7 36:15 | 13:25 14:6,7 | 26:21 30:3 |
| sought 24:12 | 37:19 42:7 | 14:15,21,24 | teed 46:9 |
| 25:22 | 43:10 | 16:3 21:25 | tends 45:12 |
| southern 10:19 | statement 16:7 | 22:11 23:7 | tent 35:4 |
| 10:20 21:2 | 16:22 26:20 | 24:13,14 25:12 | tenth 28:17 |
| 35:14 | statements | 25:18,20,24 | terms 18:11 |
| space 9:12 26:9 | 16:16 33:11,15 | 29:10 34:11,16 | 28:19 46:3 |
| 26:21 | states 1:1 2:2 | 40:11 42:7,23 | testified 11:22 |
| speak 6:17 | 10:18 | 43:1,8 46:10 | 11:24 12:19 |
| speaker 44:5 | stating 32:3 | 48:5,8,11 | 28:2 |
| 44:24 45:2,14 | statutes 18:19 | summer 23:4 | testifies 30:17 |
| 45:20 46:1,5 | 37:20,20 | 45:16 | testimony |
| 46:19,23 | stricken 16:23 | sunshine 13:4 | 16:21,25,25 |
| speaking 6:19 | strike 8:8 14:7 | 13:5,9,10,12 | 43:23 45:7 |
| 6:21 | 22:12 | 16:7,12,14 | texas 10:19,21 |
| specific 16:22 | structure 32:5 | supported | 21:2 35:14 |
| specifics 12:1 | subject 8:11 | 19:24 | text 20:1 |
| spend 22:17 | submission | supposed 28:7 | thank 23:14,15 |
| stage 29:22 | 14:9,12 | suspect 23:12 | 23:16 44:9 |
| stand 23:10 | submit 44:20 | | 46:2,4,23,24 |
| standard 34:11 | submitted 14:8 | **t** | 46:25 |
| standards | 23:11 | t 49:1,1 | thanks 46:6 |
| 14:15 | subsequently | tae 40:5 | that's 6:7 16:9 |
| standing 25:13 | 10:10,14 | take 6:25 27:7 | 19:5 |
| 25:14 42:8,18 | substantially | 46:17 | theories 39:21 |
| stang 4:3 | 31:6 | taken 12:8 | theory 18:11 |
| star 13:4,5,9 | substantive | 14:14 24:4 | 25:13 39:20,21 |
| 13:10 16:8,12 | 18:11 | 45:7 | 39:22 |

| | | | |
|---|---|---|---|
| **therefrom** | **transaction** | 39:13,16,24 | **triggered** |
| 17:13 | 11:7,9,12 | 40:4 48:6,9 | 22:16 |
| **therewith** 23:5 | 12:13 13:25 | **transferee** | **true** 49:4 |
| **there's** 16:2 | 21:8 24:22,24 | 36:13 | **trust** 2:22 6:16 |
| **think** 43:19 | 29:8,22,24 | **transferees** | 7:9 27:8,14,14 |
| 44:22 | 31:21 32:14 | 40:4 | 27:16 41:15,21 |
| **third** 4:5,12 | 33:24 36:8 | **transferor** | **truste** 27:16 |
| 32:25 37:3 | 37:4,9 38:13 | 19:17 35:25 | **trustee** 1:11,20 |
| **thousand** 42:3 | 38:22,23 39:17 | 36:5,7,9,13 | 4:4 7:9,11 14:9 |
| **three** 44:18 | 41:8 | 38:5 | 17:11 18:12 |
| **throat** 6:12 | **transactions** | **transferred** | 19:6 21:23 |
| **time** 10:24 | 17:24 19:18 | 17:18 18:9,14 | 23:18 24:13,16 |
| 11:11 12:16 | 39:6 | 18:25 20:16 | 25:9,14,20,23 |
| 13:7 14:13,14 | **transcribed** | 30:9 32:8 | 29:22 32:1 |
| 15:4 17:21 | 3:25 | 33:21,21,23 | 34:22 35:21 |
| 20:9,21 21:3,3 | **transcript** 49:4 | 37:24 | 37:12 38:4 |
| 21:5,9,22 22:7 | **transfer** 8:19 | **transfers** 3:1 | 39:20,24 40:13 |
| 22:17 23:12 | 8:20,24 12:14 | 23:19 24:12 | 41:6 42:8,18 |
| 24:1,3 26:20 | 13:12 14:1,2 | 25:10,11 35:15 | 42:23 |
| 26:24 29:1 | 17:22 18:23 | 35:22 37:24 | **trustee's** 25:13 |
| 32:17 35:16 | 19:2,3,7,21,23 | 38:1 39:2 | 25:18 48:5,8 |
| 39:2,6,9 42:21 | 20:9,10,21,24 | 42:16,22 43:1 | **trustee's** 8:6 |
| 42:25 44:14,22 | 21:3,5,12,16 | **treatments** | 21:11 |
| 45:12,18,20,22 | 21:20,22 22:8 | 41:24 | **trustworthin...** |
| 46:13,16 | 22:17,18,20 | **trial** 9:3 15:4 | 17:8 |
| **times** 9:13,23 | 24:17,20 25:1 | 16:4 21:10 | **try** 44:18 46:19 |
| 26:6,15 29:6,7 | 25:2,4,5,9,10 | 22:22,25,25 | **turn** 23:17 |
| 41:12 | 25:19,19,21,21 | 23:3,5,12 | 34:19 39:19 |
| **title** 8:3 23:22 | 29:21 30:11 | 24:11 26:1,4 | 42:6 |
| **today** 43:6,13 | 31:4,25 32:1,3 | 29:20 34:18 | **two** 18:19 19:2 |
| 43:18 44:2,3 | 32:10,11,13 | 38:10 41:11 | 24:12 26:24 |
| **today's** 24:4 | 34:7,20,22,24 | 42:5 43:16,20 | 32:11 34:8,23 |
| **today's** 14:14 | 35:10,20,25 | 44:21,23,24 | 37:12,25 42:3 |
| **together** 24:15 | 36:3,6,11,17 | 45:4 | 42:21 |
| 37:21 | 36:18,19,21,25 | **trials** 45:10 | **type** 17:9 |
| **told** 27:23 | 37:2,12,22,25 | **tried** 15:1 23:4 | **typically** 38:7 |
| 45:13,14 | 38:1 39:9,11 | 45:23 | 38:8 |

| u |
|---|
| **u.s.** 2:23 35:6 35:11 40:22 |
| **ultimate** 24:11 |
| **ultimately** 8:22 10:21 14:25 22:20 29:19 |
| **unconcerned** 27:25 |
| **under** 8:1,3 15:8 17:3,4 18:23 19:18 21:22 22:2 23:22 24:5 30:19 32:14 33:13 34:15 35:9,21 37:10 37:16 38:17 39:13 40:2 42:9,17,20 45:4 |
| **undertaken** 9:19 |
| **undisputed** 8:2 17:22 18:25 19:3 20:21 22:24,24 24:7 24:10,10 25:6 25:8 34:16,18 37:1 41:10 42:18 |
| **unidentified** 44:5,24 45:2 45:14,20 46:1 46:5,19,23 |
| **union** 41:3 |

| united 1:1 2:2 10:18 29:17 |
|---|
| **unknown** 2:25 |
| **unrebutted** 21:25 |
| **unsatisfied** 42:21 |
| **unsecured** 42:12,13,25 |
| **use** 25:14 41:2 41:3 42:19 45:9 |
| **used** 29:13 41:22 44:11,14 |
| **uses** 40:17 |
| **utilize** 42:19 |
| **utilized** 17:23 |

| v |
|---|
| **v** 1:14,23 6:22 6:24 7:23 15:23 17:13,14 22:8 23:18 35:6,11 36:14 40:5,7,22 41:4 42:13 |
| **valuation** 14:22 29:4 |
| **value** 28:19,20 28:23,25 29:2 29:3,5 |
| **valued** 28:21 |
| **various** 8:5,8 9:5 14:4,8,9 33:5 38:8,18 38:20 |
| **veil** 40:15 |

| venue 8:3 |
|---|
| **veritext** 49:20 |
| **vernacular** 29:15 |
| **voice** 41:24 |
| **voidable** 37:19 |
| **vulnerable** 35:23 |

| w |
|---|
| **walia** 1:15 4:11 6:23 7:1 23:18 24:21 26:22,23 27:5,6,13,14 27:14,16,19,23 27:25 28:2 29:5,15,23 30:1,6,16 31:19 32:3,14 32:16,18 38:15 39:1,5,20,25 40:9,14 41:7 41:13,16,17,20 41:22 |
| **walia's** 27:4 28:14 31:14 32:10 41:14 |
| **want** 26:2 39:19 44:6 46:1 |
| **wanted** 11:12 11:24 |
| **way** 11:14 19:22 45:15 |
| **weltsch** 3:25 49:3,8 |
| **went** 20:16 29:15 43:11 |

| wheels 43:21 |
|---|
| **wife's** 41:21 |
| **willing** 32:4 |
| **wire** 12:5,7,10 12:20 14:1 24:17,25 25:5 25:19 29:11 31:4 |
| **wired** 12:25 13:4,11 29:14 33:18 |
| **wiring** 12:24 |
| **withheld** 30:23 |
| **witness** 43:23 |
| **witnesses** 15:15 45:8 46:14 |
| **wl** 15:23 18:21 |
| **wong** 15:6,11 15:14,25 16:20 |
| **won't** 9:6 14:16 22:17 |
| **work** 23:7 27:7 41:14 43:4 |
| **working** 12:21 33:9 |
| **writing** 27:20 |
| **written** 15:22 29:4 30:25 |

| x |
|---|
| **x** 1:4,8,10,17 1:19 2:1 36:2 48:1 |

| y |
|---|
| **year** 12:17 23:3 31:16 |

34:9 45:12,18
**years**  19:2
    32:11 34:23
    37:13,25 43:18
**yoo**  40:6
**york**  1:2 2:4
    4:6,13,20 9:15
    18:1,16,24
    21:12,13 23:23
    25:16 27:3,5
    34:20,24 35:9
    35:21 37:16
    39:14 40:2,16
    42:9,17,20
**you're**  6:4 7:17

**z**

**ziehl**  4:3
**zoom**  45:3,5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been

served via U.S. Mail and the Court's Electronic Filing System to:

Sanford P. Rosen, Esq.
Paris Gyparakis, Esq.
**ROSEN & ASSOCIATES, P.C.**
747 Third Avenue
New York, NY 10017-2803
Email: srosen@rosenpc.com
pgyparakis@rosenpc.com
*Attorneys for Defendants Arvind Walia and
Niknim Management Inc.*

Eugene Ronald Scheiman, Esq.
**The Law Office of Eugene R. Scheiman**
570 Lexington Avenue
Suite 1600
New York, NY 10022
Email: eugene.scheiman@scheimanlaw.com
*Attorney for Defendants Arvind Walia and
Niknim Management Inc.*

*/s/ Rolanda Mori*
Rolanda Mori

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al*.,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS<br>CAPACITY AS LIQUIDATING TRUSTEE OF<br>ORION HEALTHCORP, INC., ET AL.,<br><br>                    Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT<br>INC.,<br><br>                    Defendants. | Adv. Proc. No. 20-08049 (AST) |

<u>ORDER GRANTING AND DENYING IN PART JUDGMENT AGAINST</u>
<u>DEFENDANTS AR   IND WALIA AND NIKNIM MANAGEMENT  INC.</u>

The Court, having held trial in the above-referenced matter on July 24, 2024,  and having

considered the evidence, the Court's April 10, 2024 ruling on *Motion for Summary Judgment, or*

*in the Alternative Summary Adjudication as Against Defendants Arvind Walia; Niknim*

*Management Inc*, prior pleadings and the record in this bankruptcy case as a whole; and having set

this matter for a ruling conference on November 20, 2024 (the "<u>Ruling Conference</u>"); and

sufficient cause appearing; and for the reasons set forth on the record of the Ruling Conference

including certain legal and factual findings of the Court,

**IT IS HEREBY ORDERED  ADJUDGED AND DECREED** that:

1.    Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11

U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second

Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544

and N.Y. Debtor and Creditor Law §§272-275, and §273-a, to avoid and recover the

transfer in the amount of $2,500,000 (the "<u>First Transfer</u>"), made to the Defendants Arvind Walia and NIKNIM Management, Inc., is <u>denied</u> as to either causes of action.

2. Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, to avoid and recover the transfer in the amount of $1,520,000 (the "<u>Second Transfer</u>") and Fourth Cause of Action For Recovery of Property Pursuant to 11 U.S.C.§544 and N.Y. Debtor and Creditor Law is <u>granted</u> as to each causes of action. Defendants NIKNIM Management, Inc., and Arvind Walia, individually, are joint and severally liable for $1,520,000.

3. Plaintiff's Fifth Cause of Action to Object to the Claim No. 10067, filed in the amount of $61,590, as filed by Arvind Walia, is <u>granted</u> and the claim disallowed pursuant to Bankruptcy Code section 502(d).

4. Plaintiff is awarded plus pre- judgment interest in accordance with the applicable interest rate as to the Second Transfer as against Defendants Arvind Walia and NIKNIM Management Inc., jointly and individually.

5. The Court retains jurisdiction over remaining matters related thereto including costs and issuance of judgment.



Dated: December 6, 2024
      Central Islip, New York

                                       Alan S. Trust
                       Chief United States Bankruptcy Judge

```
 1                  UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF NEW YORK
 2                                         .
    In re:                                 .    Central Islip, New York
 3                                         .
                                           .    November 20, 2024
 4   EHRENBERG V. ARVIND WALIA ET AL       .
                                           .    8-20-08049-AST
 5                                         .
                                           .    Calendar Time 10:00 AM
 6   . . . . . . . . . . . . . . . . .     .

 7                       8-20-08049-AST
                  EHRENBERG V. ARVIND WALIA ET AL
 8
         [1] COMPLAINT BY HOWARD M. EHRENBERG IN HIS CAPACITY AS
 9    LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL AGAINST
       ARVIND WALIA, NIKNIM MANAGEMENT INC. – NATURE(S) OF SUIT:
10   (12(RECOVERY OF MONEY/PROPERTY – 547 PREFERENCE)), (13(RECOVERY OF
       MONEY/PROPERTY – 548 FRAUDULENT TRANSFER)), (14(RECOVERY OF
11                    MONEY/PROPERTY – OTHER)).

12                  BEFORE HONORABLE ALAN S. TRUST

13   Attorney for the Plaintiff:    JEFFREY NOLAN
                                    Pachulski Stang Ziehl & Hones
14                                  10100 Santa Monica Boulevard
                                    13th Floor
15                                  Los Angeles, CA 90067

16   Attorney for the Defendants:  SANFORD ROSEN
                                    Rosen & Associates, P.C.
17                                  P.O. Box 1274
                                    Shelter Island Heights, NY 11965
18
                                    EUGENE SCHEIMAN
19                                  Law Office of Eugene R. Scheiman
                                    17 State Street, Floor 40
20                                  New York, NY 10004

21   Court Transcriber:             CATHERINE ALDRICH
                                    E-Scribe
22                                  2376 Cleveland Street
                                    Bellmore, NY 11710
23


24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

1    THE COURT:  This is Judge Trust. We'll take appearances

2 please, starting with the plaintiff.

3    JEFFREY NOLAN: Good morning, Your Honor. Jeff Nolan

4 appearing on behalf of the plaintiff, Howard Ehrenberg. Also

5 attending is Mr. Ehrenberg.

6    THE COURT: And then for the defendants?

7    SANFORD ROSEN: Good morning, Judge. Sanford Rosen,

8 co-counsel for the defendant.

9    EUGENE SCHEIMAN: Eugene Scheiman for defendant Walia.

10    THE COURT: Alright. Alright. Good morning. Do the parties

11 have a settlement to announce?

12    JEFFREY NOLAN: Unfortunately, no, Your Honor.

13    THE COURT: Okay. Alright. Then, this morning will be the

14 court's ruling after trial. The matters presented are court

15 proceedings under Title 28 Section 157B. This court has authority

16 to hear and determine under the standing orders of reference in effect

17 in this district following what constitutes the court's post trial

18 findings of fact and conclusions of law. By way of background, the

19 debtors, they were all listed on the petition starting with Orion

20 Health Corp Inc. They were a consolidated enterprise of several

21 companies engaged, excuse me, aggregated through a series of

22 acquisitions, which operate in the healthcare space, primarily

23 revenue and practice management for physician practices. This

24 adversary proceeding involves two transfers sought to be recovered

25 by the trustee as either actual and/or constructive fraudulent

1 transfers under Section 544 and 548 of the Bankruptcy Code and

2 Sections 273 through 276 of the New York Debtor and Creditor Laws.

3 Both transfers were made by one or more of the debtors either directly

4 or indirectly to the named defendants, Arvind Walia and Niknim

5 Management. The first transfer was made two years pre-petition on

6 April 15, 2016 from an M & T Bank account of the debtors to a JP

7 Morgan Chase bank account of the corporate defendant, Niknim in the

8 amount of $2,500,000. I'll refer to that as the first transfer. That

9 was made at the direction of Paul Parmar who was the control person

10 on behalf of one or more of the corporate debtor entities at the

11 time. That transfer was made at the direction of defendant Walia

12 on behalf of an entity called Porteck Corporation, which was a seller

13 in connection with an asset purchase agreement, which I'll refer

14 to as the APA. The APA provided for a purchase price to the favor

15 of Porteck in the amount of $12,800,000. The terms of that APA

16 including an indemnification provision under Section 1.6 which

17 provided the $2,500,000 of the purchase price was to be escrowed

18 to indemnify the buyer of Physicians Practice Plus in the event that

19 claims arose post closing. The provision- the contractual provision

20 provided that if funds and indemnification were not needed by the

21 buyer, they could be returned to the seller. The record reflects

22 that the indemnification clause or the rights of the buyer to seek

23 indemnity were never triggered. The second transfer was a wire

24 transfer made one year pre-petition in June of 2017 from a lawyer's

25 trust account, lawyers to the benefit of the debtors, which was held

at JP Morgan Chase. That transfer was made to Niknim in the amount of $1,520,000. I'll refer to that as the second transfer and collectively both as the transfers. The second transfer reportedly represented a closing payment to be made pursuant to the terms of a membership purchase agreement with an entity called Objectech. Walia was the owner of Objectech and under the Objectech transaction, Walia on behalf of Objectech agreed to sell to Parmar, a software company indirectly owned by Walia called AllRad Direct, LLC. Objectech was a shell company that owned AllRad. Sale agreement was signed by Objectech as seller and Physicians Health Network Management Solution, an entity owned and controlled by Parmar as the buyer. Earlier in this adversary proceeding, both parties moved for summary judgment in all claims. On April 10th this year, this court held a ruling conference on the summary judgment motions. At that time, the court described in great detail both the Porteck transaction and the Objectech transaction and outlined its reasons for denying the defendant's motion for partial summary judgment and granting in part the trustee's motion for summary judgment. The only relief requested at that time was against defendant Niknim and only on the second transfer. The court incorporates its summary judgment ruling for purposes of this ruling conference. The court then set a date for trial on the remaining matters at issue after the parties were not successful in mediation. The trial was held on July 23rd. For the reasons to follow, the court has determined that the second transfer is also avoidable against Mr. Walia, and the trustee can

1 recover the second transfer in the amount of $1,520,000 from either

2 defendant; however, the court has also determined that the trustee

3 did not satisfy his burden of proof demonstrating that the first

4 transfer can be avoided against either Walia or Niknim. At the summary

5 judgment stay, the court had found a number of facts to not be in

6 material dispute, but found others to be in dispute and directed

7 the parties as part of their pretrial- joint pretrial memorandum

8 to stipulate the facts, which were not at issue for purposes of trial.

9 Those stipulated facts appear at Docket 137, the joint facts. I will

10 incorporate those into this ruling as well, but will only recite

11 a few of them. With respect to the first transfer of $2,500,000 in

12 2- in 2015, Mr. Parmar, then CEO of Constellation Healthcare

13 Technologies, wanted to acquire a medical billing company and became

14 interested in Porteck. Porteck was a technology services company

15 owned and controlled by Mr. Walia, who was its CEO. At the time,

16 Porteck had two business lines referred to as HMS and PC Advantage,

17 which were both medical billing companies. In March of 2015, the

18 debtor and the- the later debtor entity, Physician Practice Plus

19 acquired the assets of Porteck pursuant to an APA. The sellers were

20 Walia, Porteck and the Janaminder Trust. Mr. Walia executed the APA

21 on behalf of all entities, but the Walia Trust, also the seller never

22 signed the APA. Parmar signed on behalf of the buyer. The APA provided

23 a purchase price of $12,800,000 even though Mr. Walia had agreed

24 in writing to sell Porteck's assets for $10,800,000. The purchase

25 price was "juiced upwards" by $2,000,000 because Mr. Walia- Mr.

1  Parmar told Walia he needed an extra $2,000,000 to cover deal fees.

2  Mr. Walia testified he didn't really pay attention to the "juiced

3  up" purchase price. The trial evidence reflects that the deal fees

4  were actually under $200,000, not anywhere close to the $2,000,000.

5  As far as the assets being acquired, the net assets of being acquired

6  from AHMS were $1,350,000. The net asset value of PTA at the time-

7  of PCA at the time was $474,000. So the total value of the assets

8  being acquired from Porteck for $12,800,000 was less than

9  $2,000,000. The parties agreed that the purchase price was five times

10  the EBITDA of the acquired business lines. The bank records reflected

11  that a wire of $9,800,000 went from an IOLTA account at Robinson

12  Brogg held on behalf of the debtor CHT to close the purchase price-

13  to close the purchase, but of that $9,800,000, $6,800,000 went to

14  Walia and his entities, and $3,000,000 went "sideways" to another

15  non-debtor entity controlled by Mr. Parmar. After the deal closed,

16  Walia moved over to debtor Orion Health Company as the CEO and then

17  became the chief technology officer of CHT and served in those

18  capacities after both of the transfers at issue were made. Mr. Walia

19  testified about the purpose of the $2,500,000 escrow agreement to

20  protect the buyer in- in the event of a claim. Although the APA,

21  particularly in Section 1.6, calls for the execution of an escrow

22  agreement and the selection of an escrow agent, neither of those

23  ever occurred. As far as the second transfer of $1,520,000, as I

24  stated, that was in connection with the purchase of an entity called

25  Objectech, which was owned- excuse me, purchase of a company Mr.

1    Walia indirectly owned called AllRad, which was actually directly

2    held by Objectech. The purchase agreement required for various due

3    diligence to be undertaken and reports to be issued, but those were

4    never provided. State and federal tax returns were also to be provided

5    to the buyer. Those were not provided. But despite the pre-closing

6    deficiencies, the purchase agreement closed in June of 2017 and the

7    debtor funded the $1,520,000 and acquired the share ownership in

8    AllRad that the agreement called for. The court at trial had four

9    affidavits from the trustee, an expert affidavit of Craig Jacobson,

10   an expert affidavit of Max Mitchell, a fact affidavit of Frank

11   Lazarra, and a fact affidavit of Edith Wong. All of those affidavits

12   as well as numerous other exhibits totaling 31 were admitted. Each

13   of those witnesses were available at trial for cross examination.

14   The court also, upon request of the trustee, took notice of a proof

15   of claim filed by Walia at Claim 10141, a summons and verified

16   complaint filed in New York State Court Criterion's LLC versus Visian

17   Court Physicians Practice Arvind Walia and Constellation

18   Healthcare. The court also accepted the affidavit of Mr. Walia and

19   he was cross examined at trial. The court generally found all the

20   witnesses' testimony to be credible. There were very few conflicting

21   areas of conflict between the witnesses' fact testimony. As parties

22   were well aware, Bankruptcy Code Section 548(a)(1) allows the

23   trustee to avoid transfer made two years prior to the petition date

24   if made with actual fraudulent intent to hinder, delay or defraud.

25   DCL 276 similarly so provides as a matter of New York State Law.

1  Those two provisions are essentially identical. See this court's

2  opinion in Janitorial Closeout, 213 Westlaw, 492375 at 5. For a

3  transfer to be avoided as actually fraudulent, the debtor moving-

4  the party with a burden of proof must demonstrate that the debtor

5  had an interest in the transferred property, the property occurred

6  within the applicable limitations period, and the transfer was made

7  with actual intent to hinder, delay or defraud. For purposes of this

8  analysis, the court focuses on the intent of the transferor, not

9  the intent of the transferee. The trustee's burden was to establish

10  fraudulent intent by clear and convincing evidence. See in re Jacobs,

11  Bankruptcy Eastern District of New York 2008, 394 B.R. 646. The court

12  routinely in the Second Circuit as elsewhere look in a number of

13  badges of fraud for that determination. See this court's opinion

14  in Zerbo, 392 B.R. 642 at 649. The trustee also sought to avoid the

15  transfers as constructively fraudulent under Bankruptcy Code

16  Section 548 (a)(1)(B) and New York DCL 273 through 275. Under the

17  Bankruptcy Code, the trustee must establish that an interest in the

18  debtors- of the debtor's property was transferred, that it occurred

19  within two years prior to the petition date, that the debtor received

20  less than a reasonably equivalent value in exchange, and that one

21  of the four financial conditions enumerated in the code was

22  satisfied. See in re Molina, 657 B.R. 172 at 186, Bankruptcy Eastern

23  District 2023. Under State Law, a transfer can be a fraudulent

24  conveyance- can be a constructively fraudulent- excuse me- can be

25  a constructively fraudulent transfer if it is made without fair

consideration and neither the transferor was insolvent or rendered insolvent at the time of the transfer, was engaged or about to engage in a business for which its property constitutes a reasonably small capital, or the transferor believed it would incur debt beyond its ability to pay. See in re Dreier, 452 B.R. 391 at 441, Bankruptcy Southern District of New York 2011. Fair consideration of New York DCL 272 requires that when an exchange for property is made that the- that the fair- that the transferor receives a fair equivalent and good faith and- and- excuse me, receives a fair equivalent value in good faith or that when the property is transferred, the obligation is incurred in good faith. It's made to secure a present advance or for payment of antecedent debt, not disproportionately small as compared with the value of the property transferred or the obligation undertaken. The courts generally agree that the determination of fair consideration can be elusive and is not subject to a precise formula. Here in connection- here it is undisputed that the debtors had an interest in- in the property, which was made the subject of both transfers. See joint facts paragraph 6 that they were made within the applicable statutes of limitations. The first transfer was made in connection with the Porteck APA, which was governed by the state- which was governed by the laws of the State of New York. The second transfer was purportedly made in connection with the Objectech purchase agreement also governed by the laws of the State of New York. At the trial, the trustee asserted that defendant should be held liable for both of the transfers, largely arguing that the

1  transfers arose out of a fraud orchestrated against creditors by

2  Parmar joined in by Mr. Walia, that Walia was Parmar's "partner in

3  crime," and that neither of the transfers could have occurred but

4  for Walia's involvement. Conversely, Walia maintained that he

5  believed the transfers were legitimate. More specifically, as to

6  the first transfer, the trustee's theory is that the Porteck APA

7  escrow provisions, which Walia claims as the source of fair

8  consideration for the $2,500,000 stems from a transaction, which

9  is fraudulent on its face. Much of the evidence deduced to trial

10 by the trustee suggests issues or concerns with the overall purchase

11 price of the APA including the "juiced up" $2,000,000, payment of

12 the purchase price and how the overall agreement was carried out

13 between Walia and Parmar. However, the trustee has not brought any

14 claims concerning the validity of the APA itself. The underlying

15 overall transaction is not and was not the subject of a fraudulent

16 transfer attacked by the trustee either as action or constructive.

17 In fact, at trial, the court questioned the trustee's counsel about

18 whether the trustee believed that he had stated a fraudulent transfer

19 claim against the APA. Counsel's response was that was "irrelevant."

20 Thus, in the court's analysis, it is not the APA or the overall Porteck

21 transaction, which is under attack before this court. The only issue

22 before this court relates to the $2,500,000 second and final payment

23 made approximately 13 months after the Porteck closing. The record

24 is clear that the $2,500,000 which was held back was held back for

25 the indemnity obligations of the seller under the APA. While Section

1  1.6 provided that the $2,500,000 would be delivered by Physician

2  Practices, the buyer and a debtor, at closing to an escrow agent

3  pursuant to an escrow agreement. As stated, no such escrow agreement

4  was executed. No such escrow agent was selected. However, it's clear

5  that the intent of the expressed provision of the escrow portion

6  of the APA was to protect the rights of the buyer, Physician Practice

7  and the ability for the buyer to secure their right to funds in the

8  event of the triggering of an indemnity obligation. However, the

9  record is also clear that no indemnity claims were ever asserted

10  by the buyer against the seller, and the trustee has not asserted

11  or proven that the $2,500,000 first transfer exceeded the remaining

12  contractual obligations of Physicians Practice. Thus, the trustee

13  has failed to demonstrate that the first transfer was made without

14  fair consideration. Generally, satisfying a contractual obligation

15  constitutes reasonably equivalent value as a matter of law. While

16  it doesn't express the bar claim for constructive fraud, the trustee

17  must still need the elements of proof and he has failed to do so

18  here. See King Operations in re PA Co-Man Inc, 644 B.R. 553 at 626,

19  Bankruptcy Western District of Pennsylvania, 2022. The court has

20  also found that the evidence submitted at trial including what was

21  undisputed in summary judgment failed to prove the elements of an

22  actual fraudulent transfer concerning the $2,500,000 as it relates

23  to either defendant. Walia was the signatory to the APA as the selling

24  shareholder. He was the owner and control person of Porteck. He

25  informed Niknim to manage his consulting work and take care of his

1   personal investments and family trust. Walia consistently used

2   Niknim's bank account for business transactions and often for

3   personal needs. The $2,500,000 as stated was the payment of a specific

4   contractual obligation. Again, while much of the evidence proffered

5   by the trustee suggests suspicion around the overall purchase price

6   for the Porteck assets, the APA itself was not the subject of a

7   fraudulent transfer claim. The court also noted that the debtor's

8   books and records did not reflect an antecedent debt of $2,500,000

9   owed to the sellers of Porteck at the relevant time. That in and

10  of itself does not prove a fraudulent transfer because the contract

11  expressly provides for that post closing obligation. Thus, all

12  relief as to the first transfer is denied. As relates to the second

13  transfer, the court previously found that the second transfer was

14  avoidable as against Niknim. For the following reasons, the court

15  also finds that the second transfer is avoidable against Walia and

16  the trustee may recover the $1,520,000 from either defendant.

17  Section 550 of the Bankruptcy Code expressly provides that to the

18  extent that a transfer is avoided under sections 544, 548, or others,

19  the trustee may recover for the benefit of the estate, the property

20  transferred or the value of the property transfer from either the

21  initial transferee of such transfer or the entity for whose benefit

22  such transfer was made or an immediate- or immediate transferee.

23  Court has already avoided the second transfer as against Niknim under

24  Section 548. Section 550 on its face makes such a fraudulent transfer

25  recoverable against any party for whose benefit the transfer was

1  made that retains- or that retains the property transfers. Here,

2  Niknim was the initial transferee. The record is clear that the sole

3  intent of the second transfer being made to Niknim was to benefit

4  Walia. Niknim was clearly a vehicle that Walia used for his personal

5  and business purposes, that it was Mr. Walia who personally benefited

6  from the second transfer as well as actively participating in the

7  transaction. As noted, the sale agreement involved the sale of

8  AllRad, which Mr. Walia indirectly owned. Additional evidence in

9  the record supports this conclusion. On June 21, 2017 at 6:37 p.m.,

10 Walia emailed Sam Zaharis at Constellation Health Group that he was

11 able to sign the APA on behalf of Objectech as he was the only member.

12 He noted in that email that Objectech was a shell company. In that

13 same email, Mr. Walia provided wire instructions for the money to

14 go to Niknim's bank account. Other than the fact that Walia owned

15 both Objectech and Niknim, there is no other relationship between

16 these companies in the record. Thus, there is no reason for the

17 $1,520,000 purchase price to be wired to Niknim's bank account since

18 it was not a seller other than solely as a convenience for and to

19 the benefit of Walia. Again, Walia had testified that he used Niknim's

20 bank account for personal expenses, for business purposes, and as

21 a convenience for himself. Niknim had no interest in AllRad, so it

22 is clear that it was Walia who benefited from the transfer to Niknim.

23 Thus, the court has concluded that the trustee may recover the second

24 transfer from either defendant. Because the court has not granted

25 judgment in favor of the trustee on the first transfer and has

1 determined that the second transfer is recoverable against either

2 defendant under Section 550, the court need not and therefore will

3 not address the trustee's claims of alter ego. Section 551 provides

4 that any transfer avoidant under Sections 548 and others are

5 preserved for the benefit of the estate. As the second transfer has

6 been avoided pursuant to Section 548 and is found recoverable against

7 both defendants, the second transfer is preserved for the benefit

8 of the estate. Finally, with respect to the claims objection, the

9 trustee also objected to the Walia claims. Section 502D provides

10 that the court will disallow the claim of any entity who has received

11 fraudulent transfer until such transfer has been repaid. On July

12 5, 2018, Walia filed a claim for $61,590. All claims of Walia and

13 Niknim are disallowed unless and until they have repaid the

14 fraudulent transfer receipt in addition to applicable pre and post

15 judgment interest. The court is directing that the trustees submit

16 a judgment in his- in his favor avoiding the second transfer, both

17 as against Niknim and as against Walia with a judgment of liability

18 against both along with all appropriate prejudgment and post

19 judgment interest at the applicable statutory rates as well as

20 allowable costs of suit. That will conclude the court's ruling

21 conference on 20-8049. The court will be in recess until 11 o'clock.

22 I'm going to direct that the- the attorneys for each side work on

23 a form of judgment to be submitted consistent with my ruling within

24 14 days. The court will now be in recess until 11 o'clock and we

25 will go off the record. Thank you all.

1          JEFFREY NOLAN: Thank you, Your Honor.

2          SANFORD ROSEN: Thank you.

3          EUGENE SCHEIMAN: Thank you, Your Honor.

4

5                    *          *          *

6                       **CERTIFICATION**

7  I, Catherine Aldrich, certify that the foregoing is a correct

8  transcript from the electronic sound recordings of the proceedings

9  in the above-entitled matter.

10

11

12  _____  December 13, 2024

13       Catherine Aldrich

14

15

16

17

18

19

20

21

22

23

24

25

## A

**Ability** - 9:5, 11:7
**Able** - 13:11
**About** - 6:19, 9:2, 10:17
**Above** - 15:9
**Accepted** - 7:18
**Account** - 3:6, 3:7, 3:25, 6:11, 12:2, 13:14, 13:17, 13:20
**Acquire** - 5:13
**Acquired** - 5:19, 6:5, 6:8, 6:10, 7:7
**Acquisitions** - 2:22
**Action** - 10:16
**Actively** - 13:6
**Actual** - 2:25, 7:24, 8:7, 11:22
**Actually** - 6:4, 7:1, 8:3
**Addition** - 14:14
**Additional** - 13:8
**Address** - 14:3
**Admitted** - 7:12
**Advance** - 9:11
**Advantage** - 5:16
**Adversary** - 2:24, 4:12
**Affidavit** - 7:9, 7:10, 7:11, 7:18
**Affidavits** - 7:9, 7:11
**After** - 2:14, 4:22, 6:15, 6:18, 10:23
**Again** - 12:4, 13:19
**AGAINST** - 1:16, 4:19, 4:25, 5:4, 10:1, 10:19, 11:10, 12:14, 12:15, 12:23, 12:25, 14:1, 14:6, 14:17, 14:18
**Agent** - 6:22, 11:2, 11:4
**Aggregated** - 2:21
**Agree** - 9:14
**Agreed** - 4:7, 5:23, 6:9
**Agreement** - 3:13, 4:5, 4:9, 6:19, 6:22, 7:2, 7:6, 7:8, 9:23, 10:12, 11:3, 13:7
**AHMS** - 6:6
**AL** - 1:7, 1:13, 1:16
**ALAN** - 1:21
**ALDRICH** - 1:36, 15:7, 15:13
**All** - 2:19, 4:13, 5:21, 7:11, 7:19, 12:11, 14:12, 14:18, 14:25
**Allowable** - 14:20
**Allows** - 7:22

**Allrad** - 4:8, 4:9, 7:1, 7:8, 13:8, 13:21
**Along** - 14:18
**Already** - 12:23
**Alright** - 2:10, 2:13
**Also** - 2:4, 4:25, 5:2, 5:21, 7:4, 7:14, 7:18, 8:14, 9:23, 11:9, 11:20, 12:7, 12:15, 14:9
**Alter** - 14:3
**Although** - 6:20
**AM** - 1:10
**Amount** - 3:8, 3:15, 4:1, 5:1
**An** - 3:6, 3:12, 3:13, 3:16, 4:5, 4:11, 5:19, 6:1, 6:11, 6:21, 6:22, 6:24, 7:9, 7:10, 8:5, 8:17, 9:7, 9:17, 11:2, 11:3, 11:8, 11:21, 12:8, 12:22
**Analysis** - 8:8, 10:20
**And/Or** - 2:25
**Angeles** - 1:26
**Announce** - 2:11
**Another** - 6:14
**Antecedent** - 9:12, 12:8
**Any** - 10:13, 12:25, 14:4, 14:10
**Anywhere** - 6:4
**APA** - 3:14, 3:15, 5:19, 5:20, 5:22, 6:20, 9:20, 10:6, 10:11, 10:14, 10:19, 10:20, 10:25, 11:6, 11:23, 12:6, 13:11
**Appear** - 5:9
**Appearances** - 2:1
**Appearing** - 2:4
**Applicable** - 8:6, 9:19, 14:14, 14:19
**Appropriate** - 14:18
**Approximately** - 10:23
**April** - 3:6, 4:13
**Are** - 2:14, 8:1, 14:4, 14:13
**Areas** - 7:21
**Arguing** - 9:25
**Arose** - 3:19, 10:1
**Around** - 12:5
**ARVIND** - 1:7, 1:13, 1:17, 3:4, 7:17
**AS** - 1:15, 2:25, 3:8, 3:14, 4:2, 4:3, 4:10, 4:11, 5:7, 5:10, 5:16, 6:5, 6:16, 6:23, 7:12, 7:21, 7:25, 8:3, 8:12,

8:15, 9:12, 10:5, 10:7, 10:16, 11:3, 11:15, 11:22, 11:23, 12:3, 12:12, 12:14, 12:23, 13:6, 13:7, 13:11, 13:18, 13:20, 14:5, 14:17, 14:19
**Asserted** - 9:24, 11:9, 11:10
**Asset** - 3:13, 6:6
**Assets** - 5:19, 5:24, 6:5, 6:7, 12:6
**Associates** - 1:28
**AST** - 1:8, 1:12
**At** - 3:9, 3:10, 3:11, 4:1, 4:14, 4:19, 4:22, 5:4, 5:8, 5:9, 5:15, 6:6, 6:7, 6:11, 6:18, 7:8, 7:13, 7:15, 7:19, 8:2, 8:14, 8:22, 9:2, 9:5, 9:24, 10:17, 11:2, 11:18, 11:20, 12:9, 13:9, 13:10, 14:19
**Attack** - 10:21
**Attacked** - 10:16
**Attending** - 2:5
**Attention** - 6:2
**Attorney** - 1:22, 1:27
**Attorneys** - 14:22
**Authority** - 2:15
**Available** - 7:13
**Avoid** - 7:23, 8:14
**Avoidable** - 4:25, 12:14, 12:15
**Avoidant** - 14:4
**Avoided** - 5:4, 8:3, 12:18, 12:23, 14:6
**Avoiding** - 14:16
**Aware** - 7:22

## B

**Back** - 10:24
**Background** - 2:18
**Badges** - 8:13
**Bank** - 3:6, 3:7, 6:10, 12:2, 13:14, 13:17, 13:20
**BANKRUPTCY** - 1:1, 3:1, 7:22, 8:11, 8:15, 8:17, 8:22, 9:5, 11:19, 12:17
**Bar** - 11:16
**Be** - 2:13, 2:24, 3:17, 3:21, 4:4, 5:4, 5:5, 5:6, 7:3, 7:4, 7:20, 8:3, 8:23, 8:24, 9:15, 9:24, 11:1, 13:17, 14:21, 14:23, 14:24
**Became** - 5:13, 6:17

**Because** - 5:25, 12:10, 13:24
**Been** - 14:6, 14:11
**BEFORE** - 1:21, 10:21, 10:22
**Behalf** - 2:4, 3:10, 3:12, 4:7, 5:21, 5:22, 6:12, 13:11
**Being** - 6:5, 6:8, 13:3
**Believed** - 9:4, 10:5, 10:18
**Bellmore** - 1:39
**Benefit** - 3:25, 12:19, 12:21, 12:25, 13:3, 13:19, 14:5, 14:7
**Benefited** - 13:5, 13:22
**Between** - 7:21, 10:13, 13:15
**Beyond** - 9:4
**Billing** - 5:13, 5:17
**Books** - 12:8
**Both** - 3:3, 4:3, 4:12, 4:15, 5:17, 6:18, 9:18, 9:25, 13:15, 14:7, 14:16, 14:18
**Boulevard** - 1:24
**Box** - 1:29
**Brogg** - 6:12
**Brought** - 10:13
**Burden** - 5:3, 8:4, 8:9
**Business** - 5:16, 6:10, 9:3, 12:2, 13:5, 13:20
**But** - 5:6, 5:10, 5:21, 6:13, 7:3, 7:5, 10:3
**Buyer** - 3:18, 3:21, 3:22, 4:12, 5:22, 6:20, 7:5, 11:2, 11:6, 11:7, 11:10
**BY** - 1:1, 1:42, 1:43, 2:18, 2:25, 3:3, 3:20, 4:8, 4:10, 4:11, 5:15, 5:25, 6:15, 7:2, 7:15, 8:10, 9:20, 9:21, 9:23, 10:1, 10:2, 10:10, 10:16, 11:1, 11:10, 12:5

## C

**CA** - 1:26
**Calendar** - 1:10
**Called** - 3:12, 4:5, 4:8, 6:24, 7:1, 7:8
**Calls** - 6:21
**Can** - 4:25, 5:4, 8:23, 8:24, 9:15
**Capacities** - 6:18
**CAPACITY** - 1:15

**Capital** - 9:4
**Care** - 11:25
**Carried** - 10:12
**CATHERINE** - 1:36, 15:7, 15:13
**Central** - 1:4
**CEO** - 5:12, 5:15, 6:16
**CERTIFICATION** - 15:6
**Certify** - 15:7
**Chase** - 3:7, 4:1
**Chief** - 6:17
**CHT** - 6:12, 6:17
**Circuit** - 8:12
**Claim** - 6:20, 7:15, 10:19, 11:16, 12:7, 14:10, 14:12
**Claims** - 3:19, 4:13, 10:7, 10:14, 11:9, 14:3, 14:8, 14:9, 14:12
**Clause** - 3:22
**Clear** - 8:10, 10:24, 11:4, 11:9, 13:2, 13:22
**Clearly** - 13:4
**Cleveland** - 1:38
**Close** - 6:4, 6:12, 6:13
**Closed** - 6:15, 7:6
**Closeout** - 8:2
**Closing** - 3:19, 4:4, 7:5, 10:23, 11:2, 12:11
**Co** - 2:8, 11:18
**Code** - 3:1, 7:22, 8:15, 8:17, 8:21, 12:17
**Collectively** - 4:3
**Companies** - 2:21, 5:17, 13:16
**Company** - 4:8, 4:9, 5:13, 5:14, 6:16, 6:25, 13:12
**Compared** - 9:13
**COMPLAINT** - 1:15, 7:16
**Concerning** - 10:14, 11:22
**Concerns** - 10:10
**Conclude** - 14:20
**Concluded** - 13:23
**Conclusion** - 13:9
**Conclusions** - 2:18
**Conditions** - 8:21
**Conference** - 4:14, 4:21, 14:21
**Conflict** - 7:21
**Conflicting** - 7:20
**Connection** - 3:13, 6:24, 9:16, 9:20, 9:22
**Consideration** - 9:1, 9:6, 9:15, 10:8, 11:14

**Consistent** - 14:23
**Consistently** - 12:1
**Consolidated** - 2:20
**Constellation** - 5:12, 7:17, 13:10
**Constitutes** - 2:17, 9:3, 11:15
**Constructive** - 2:25, 10:16, 11:16
**Constructively** - 8:15, 8:24, 8:25
**Consulting** - 11:25
**Contract** - 12:10
**Contractual** - 3:19, 11:12, 11:14, 12:4
**Control** - 3:9, 11:24
**Controlled** - 4:11, 5:15, 6:15
**Convenience** - 13:18, 13:21
**Conversely** - 10:4
**Conveyance** - 8:24
**Convincing** - 8:10
**Corp** - 2:20
**Corporate** - 3:7, 3:10
**Corporation** - 3:12
**Correct** - 15:7
**Costs** - 14:20
**Could** - 3:21, 10:3
**Counsel** - 2:8, 10:17
**Counsel's** - 10:19
**COURT** - 1:1, 1:36, 2:1, 2:6, 2:10, 2:13, 2:14, 2:15, 4:14, 4:15, 4:20, 4:21, 4:24, 5:2, 5:5, 7:8, 7:14, 7:16, 7:17, 7:18, 7:19, 8:8, 8:11, 10:17, 10:21, 10:22, 11:19, 12:7, 12:13, 12:14, 12:23, 13:23, 13:24, 14:2, 14:10, 14:15, 14:21, 14:24
**Courts** - 9:14
**Court's** - 2:14, 2:17, 8:1, 8:13, 10:20, 14:20
**Cover** - 6:1
**Craig** - 7:9
**Credible** - 7:20
**Creditor** - 3:2
**Creditors** - 10:1
**Crime** - 10:3
**Criterion's** - 7:16
**Cross** - 7:13, 7:19

**D**

**Date** - 4:22, 7:23, 8:19

**Days** - 14:24
**DCL** - 7:25, 8:16, 9:7
**Deal** - 6:1, 6:3, 6:15
**Debt** - 9:4, 9:12, 12:8
**Debtor** - 3:2, 3:10, 5:18, 6:12, 6:15, 6:16, 7:7, 8:3, 8:4, 8:19, 11:2
**Debtors** - 2:19, 3:3, 3:6, 3:25, 8:18, 9:16
**Debtor's** - 8:18, 12:7
**December** - 15:12
**Deduced** - 10:9
**Defendant** - 2:8, 2:9, 3:7, 3:11, 4:19, 5:2, 9:24, 11:23, 12:16, 13:24, 14:2
**Defendants** - 1:27, 2:6, 3:4, 14:7
**Defendant's** - 4:17
**Deficiencies** - 7:6
**Defraud** - 7:24, 8:7
**Delay** - 7:24, 8:7
**Delivered** - 11:1
**Demonstrate** - 8:4, 11:13
**Demonstrating** - 5:3
**Denied** - 12:12
**Denying** - 4:17
**Described** - 4:15
**Despite** - 7:5
**Detail** - 4:15
**Determination** - 8:13, 9:14
**Determine** - 2:16
**Determined** - 4:24, 5:2, 14:1
**Did** - 5:3, 12:8
**Didn't** - 6:2
**Diligence** - 7:3
**Direct** - 4:8, 14:22
**Directed** - 5:6
**Directing** - 14:15
**Direction** - 3:9, 3:11
**Directly** - 3:3, 7:1
**Disallow** - 14:10
**Disallowed** - 14:13
**Disproportionately** - 9:12
**Dispute** - 5:6
**DISTRICT** - 1:2, 2:17, 8:11, 8:23, 9:6, 11:19
**Do** - 2:10, 11:17
**Docket** - 5:9
**Does** - 12:10
**Doesn't** - 11:16
**Dreier** - 9:5
**Due** - 7:2

**E**

**Each** - 7:12, 14:22
**Earlier** - 4:12
**EASTERN** - 1:2, 8:11, 8:22
**EBITDA** - 6:10
**Edith** - 7:11
**Effect** - 2:16
**Ego** - 14:3
**EHRENBERG** - 1:7, 1:13, 1:15, 2:4, 2:5
**Either** - 2:25, 3:3, 5:1, 5:4, 10:16, 11:23, 12:16, 12:20, 13:24, 14:1
**Electronic** - 1:42, 15:8
**Elements** - 11:17, 11:21
**Elsewhere** - 8:12
**Elusive** - 9:15
**Email** - 13:12, 13:13
**Emailed** - 13:10
**Engage** - 9:2
**Engaged** - 2:21, 9:2
**Enterprise** - 2:20
**Entities** - 3:10, 5:21, 6:14
**Entitled** - 15:9
**Entity** - 3:12, 4:5, 4:11, 5:18, 6:15, 6:24, 12:21, 14:10
**Enumerated** - 8:21
**Equivalent** - 8:20, 9:8, 9:9, 11:15
**Escrow** - 6:19, 6:21, 6:22, 10:7, 11:2, 11:3, 11:4, 11:5
**Escrowed** - 3:17
**Essentially** - 8:1
**Establish** - 8:9, 8:17
**Estate** - 12:19, 14:5, 14:8
**ET** - 1:7, 1:13, 1:16
**EUGENE** - 1:32, 1:33, 2:9, 15:3
**Even** - 5:23
**Event** - 3:18, 6:20, 11:8
**Ever** - 6:23, 11:9
**Evidence** - 6:3, 8:10, 10:9, 11:20, 12:4, 13:8
**Examination** - 7:13
**Examined** - 7:19
**Exceeded** - 11:11
**Exchange** - 8:20, 9:7
**Excuse** - 2:21, 6:25, 8:24, 9:9
**Executed** - 5:20, 11:4
**Execution** - 6:21
**Exhibits** - 7:12

**Expenses -** 13:20
**Expert -** 7:9, 7:10
**Express -** 11:16
**Expressed -** 11:5
**Expressly -** 12:11, 12:17
**Extent -** 12:18
**Extra -** 6:1

---
**F**
---

**Face -** 10:9, 12:24
**Fact -** 2:18, 7:10, 7:11, 7:21, 10:17, 13:14
**Facts -** 5:5, 5:8, 5:9, 9:18
**Failed -** 11:13, 11:17, 11:21
**Fair -** 8:25, 9:6, 9:8, 9:9, 9:15, 10:7, 11:14
**Faith -** 9:9, 9:10, 9:11
**Family -** 12:1
**Far -** 6:5, 6:23
**Favor -** 3:14, 13:25, 14:16
**Federal -** 7:4
**Fees -** 6:1, 6:3
**Few -** 5:11, 7:20
**Filed -** 7:15, 7:16, 14:12
**Final -** 10:22
**Finally -** 14:8
**Financial -** 8:21
**Findings -** 2:18
**Finds -** 12:15
**First -** 3:5, 3:8, 5:3, 5:11, 9:19, 10:6, 11:11, 11:13, 12:12, 13:25
**Five -** 6:9
**Floor -** 1:25, 1:34
**Focuses -** 8:8
**Follow -** 4:24
**Following -** 2:17, 12:14
**For -** 1:22, 1:27, 2:6, 2:8, 2:9, 2:23, 3:14, 4:13, 4:17, 4:18, 4:21, 4:22, 4:24, 5:8, 5:24, 6:8, 6:21, 7:2, 7:8, 7:13, 8:2, 8:7, 8:13, 9:3, 9:7, 9:12, 9:25, 10:4, 10:8, 10:24, 11:7, 11:16, 12:2, 12:6, 12:11, 12:14, 12:19, 12:21, 12:25, 13:4, 13:13, 13:16, 13:18, 13:20, 13:21, 14:5, 14:7, 14:12, 14:22
**Foregoing -** 15:7
**Form -** 14:23
**Formula -** 9:16
**Found -** 5:5, 5:6, 7:19,

11:20, 12:13, 14:6
**Four -** 7:8, 8:21
**Frank -** 7:10
**Fraud -** 8:13, 10:1, 11:16
**FRAUDULENT -** 1:19, 2:25, 7:24, 8:3, 8:10, 8:15, 8:23, 8:24, 8:25, 10:9, 10:15, 10:18, 11:22, 12:7, 12:10, 12:24, 14:11, 14:14
**From -** 3:6, 3:24, 5:1, 6:6, 6:8, 6:11, 7:9, 10:8, 12:16, 12:20, 13:6, 13:22, 13:24, 15:8
**Funded -** 7:7
**Funds -** 3:20, 11:7

---
**G**
---

**Generally -** 7:19, 9:14, 11:14
**Go -** 13:14, 14:25
**Going -** 14:22
**Good -** 2:3, 2:7, 2:10, 9:9, 9:10, 9:11
**Governed -** 9:20, 9:21, 9:23
**Granted -** 13:24
**Granting -** 4:18
**Great -** 4:15
**Group -** 13:10

---
**H**
---

**Had -** 5:5, 5:16, 5:23, 7:8, 8:5, 9:17, 10:18, 13:19, 13:21
**Has -** 2:15, 4:24, 5:2, 10:13, 11:10, 11:13, 11:17, 11:19, 12:23, 13:23, 13:24, 13:25, 14:5, 14:10, 14:11
**Have -** 2:11, 10:3, 14:13
**He -** 6:1, 6:2, 7:19, 10:4, 10:18, 11:17, 11:24, 13:10, 13:11, 13:12, 13:19
**Health -** 2:20, 4:10, 6:16, 13:10
**Healthcare -** 2:22, 5:12, 7:18
**HEALTHCORP -** 1:16
**Hear -** 2:16
**Heights -** 1:30
**Held -** 3:25, 4:14, 4:23, 6:12, 7:2, 9:25, 10:24
**Here -** 9:16, 11:18, 13:1

**Himself -** 13:21
**Hinder -** 7:24, 8:7
**HIS -** 1:15, 5:3, 6:14, 11:25, 13:4, 14:16
**HMS -** 5:16
**Hones -** 1:23
**Honor -** 2:3, 2:12, 15:1, 15:3
**HONORABLE -** 1:21
**How -** 10:12
**HOWARD -** 1:15, 2:4
**However -** 5:2, 10:13, 11:4, 11:8

---
**I**
---

**Identical -** 8:1
**I'll -** 3:8, 3:13, 4:2
**I'm -** 14:22
**Immediate -** 12:22
**In -** 1:4, 1:15, 2:16, 2:17, 2:22, 3:7, 3:13, 3:15, 3:18, 3:24, 4:1, 4:12, 4:13, 4:15, 4:18, 4:23, 5:1, 5:5, 5:6, 5:11, 5:12, 5:14, 5:17, 5:24, 6:17, 6:20, 6:21, 6:24, 7:6, 7:7, 7:16, 8:2, 8:5, 8:10, 8:12, 8:14, 8:17, 8:20, 8:21, 8:22, 9:3, 9:5, 9:10, 9:11, 9:16, 9:17, 9:20, 9:22, 10:2, 10:17, 10:20, 11:7, 11:18, 11:21, 12:9, 13:6, 13:8, 13:12, 13:16, 13:21, 13:25, 14:14, 14:16, 14:21, 14:24, 15:9
**INC -** 1:16, 1:17, 2:20, 11:18
**Including -** 3:16, 10:11, 11:20
**Incorporate -** 5:10
**Incorporates -** 4:20
**Incur -** 9:4
**Incurred -** 9:11
**Indemnification -** 3:16, 3:20, 3:22
**Indemnify -** 3:18
**Indemnity -** 3:23, 10:25, 11:8, 11:9
**Indirectly -** 3:4, 4:8, 7:1, 13:8
**Informed -** 11:25
**Initial -** 12:21, 13:2
**Insolvent -** 9:1, 9:2
**Instructions -** 13:13

**Intent -** 7:24, 8:7, 8:8, 8:9, 8:10, 11:5, 13:3
**Interest -** 8:5, 8:17, 9:17, 13:21, 14:15, 14:19
**Interested -** 5:14
**Into -** 5:10
**Investments -** 12:1
**Involved -** 13:7
**Involvement -** 10:4
**Involves -** 2:24
**IOLTA -** 6:11
**Irrelevant -** 10:19
**Is -** 2:1, 2:5, 4:25, 8:25, 9:7, 9:10, 9:11, 9:15, 9:16, 10:6, 10:9, 10:15, 10:20, 10:21, 10:24, 11:9, 12:12, 12:15, 12:18, 13:2, 13:15, 13:16, 13:22, 14:1, 14:6, 14:7, 14:15, 15:7
**Island -** 1:30
**Islip -** 1:4
**Issue -** 4:22, 5:8, 6:18, 10:21
**Issued -** 7:3
**Issues -** 10:10
**It -** 8:18, 8:25, 9:4, 9:16, 10:20, 11:16, 11:22, 13:5, 13:18, 13:21, 13:22
**Its -** 4:16, 4:20, 5:15, 9:3, 9:4, 10:9, 12:24
**It's -** 9:11, 11:4
**Itself -** 10:14, 12:6, 12:10

---
**J**
---

**Jacobs -** 8:10
**Jacobson -** 7:9
**Janaminder -** 5:20
**Janitorial -** 8:2
**Jeff -** 2:3
**JEFFREY -** 1:22, 2:3, 2:12, 15:1
**Joined -** 10:2
**Joint -** 5:7, 5:9, 9:18
**JP -** 3:6, 4:1
**Judge -** 2:1, 2:7
**Judgment -** 4:13, 4:14, 4:17, 4:18, 4:20, 5:5, 11:21, 13:25, 14:15, 14:16, 14:17, 14:19, 14:23
**Juiced -** 5:25, 6:2, 10:11
**July -** 4:23, 14:11
**June -** 3:24, 7:6, 13:9

## K

**King -** 11:18

## L

**Largely -** 9:25
**Later -** 5:18
**Law -** 1:33, 2:18, 7:25, 8:23, 11:15
**Laws -** 3:2, 9:21, 9:23
**Lawyers -** 3:25
**Lawyer's -** 3:24
**Lazarra -** 7:11
**Legitimate -** 10:5
**Less -** 6:8, 8:20
**Liability -** 14:17
**Liable -** 9:25
**Limitations -** 8:6, 9:19
**Lines -** 5:16, 6:10
**LIQUIDATING -** 1:16
**Listed -** 2:19
**LLC -** 4:8, 7:16
**Look -** 8:12
**Los -** 1:26

## M

**Made -** 3:3, 3:5, 3:9, 3:11, 3:24, 4:1, 4:4, 6:18, 7:23, 7:24, 8:6, 8:25, 9:7, 9:11, 9:17, 9:18, 9:19, 9:22, 10:23, 11:13, 12:22, 13:1, 13:3
**Maintained -** 10:4
**Makes -** 12:24
**Man -** 11:18
**Manage -** 11:25
**MANAGEMENT -** 1:17, 2:23, 3:5, 4:11
**March -** 5:17
**Material -** 5:6
**Matter -** 7:25, 11:15, 15:9
**Matters -** 2:14, 4:22
**Max -** 7:10
**May -** 12:16, 12:19, 13:23
**Me -** 2:21, 6:25, 8:24, 9:9
**Mediation -** 4:23
**Medical -** 5:13, 5:17
**Member -** 13:11
**Membership -** 4:5
**Memorandum -** 5:7
**Mitchell -** 7:10
**Molina -** 8:22
**Money -** 13:13
**MONEY/**

**PROPERTY -** 1:18, 1:19, 1:20
**Monica -** 1:24
**Months -** 10:23
**More -** 3:3, 3:10, 10:5
**Morgan -** 3:7, 4:1
**Morning -** 2:3, 2:7, 2:10, 2:13
**Motion -** 4:17, 4:18
**Motions -** 4:14
**Moved -** 4:12, 6:16
**Moving -** 8:3
**Mr -** 2:5, 4:25, 5:12, 5:15, 5:20, 5:23, 5:25, 6:2, 6:15, 6:18, 6:25, 7:18, 10:2, 13:5, 13:8, 13:13
**Much -** 10:9, 12:4
**Must -** 8:4, 8:17, 11:17
**My -** 14:23

## N

**Named -** 3:4
**NATURE -** 1:17
**Need -** 11:17, 14:2
**Needed -** 3:20, 6:1
**Needs -** 12:3
**Neither -** 6:22, 9:1, 10:3
**Net -** 6:5, 6:6
**Network -** 4:10
**Never -** 3:23, 5:21, 7:4
**NEW -** 1:2, 1:4, 1:35, 3:2, 7:16, 7:25, 8:11, 8:16, 9:6, 9:21, 9:23
**NIKNIM -** 1:17, 3:4, 3:7, 4:1, 4:19, 5:4, 11:25, 12:2, 12:14, 12:23, 13:2, 13:3, 13:4, 13:15, 13:21, 13:22, 14:13, 14:17
**Niknim's -** 13:14, 13:17, 13:19
**No -** 2:12, 11:3, 11:4, 11:9, 13:15, 13:16, 13:21
**NOLAN -** 1:22, 2:3, 2:12, 15:1
**Non -** 6:15
**Not -** 3:20, 4:23, 5:3, 5:5, 5:8, 6:4, 7:5, 8:8, 9:12, 9:15, 10:13, 10:15, 10:20, 11:10, 12:6, 12:8, 12:10, 13:18, 13:24, 14:2, 14:3
**Noted -** 12:7, 13:7, 13:12
**Notice -** 7:14
**November -** 1:6
**Now -** 14:24

**Number -** 5:5, 8:12
**Numerous -** 7:12
**NY -** 1:30, 1:35, 1:39

## O

**Objectech -** 4:5, 4:6, 4:7, 4:9, 4:10, 4:16, 6:25, 7:2, 9:22, 13:11, 13:12, 13:15
**Objected -** 14:9
**Objection -** 14:8
**Obligation -** 9:10, 9:13, 11:8, 11:14, 12:4, 12:11
**Obligations -** 10:25, 11:12
**Occurred -** 6:23, 8:5, 8:18, 10:3
**O'clock -** 14:21, 14:24
**OF -** 1:2, 1:16, 1:17, 1:18, 1:19, 1:33, 2:4, 2:16, 2:18, 2:20, 2:21, 3:1, 3:2, 3:3, 3:6, 3:7, 3:8, 3:9, 3:10, 3:11, 3:12, 3:15, 3:17, 3:18, 3:22, 3:24, 3:25, 4:2, 4:4, 4:6, 4:7, 4:21, 5:1, 5:3, 5:5, 5:7, 5:8, 5:11, 5:12, 5:17, 5:19, 5:21, 5:22, 5:23, 6:5, 6:6, 6:7, 6:10, 6:11, 6:12, 6:13, 6:17, 6:18, 6:19, 6:20, 6:21, 6:22, 6:23, 6:24, 6:25, 7:6, 7:9, 7:10, 7:11, 7:13, 7:14, 7:15, 7:18, 7:21, 7:25, 8:4, 8:7, 8:8, 8:9, 8:11, 8:12, 8:13, 8:18, 8:21, 9:2, 9:6, 9:12, 9:13, 9:14, 9:17, 9:19, 9:21, 9:23, 9:25, 10:1, 10:3, 10:7, 10:9, 10:11, 10:14, 10:15, 10:25, 11:5, 11:6, 11:8, 11:12, 11:15, 11:17, 11:19, 11:21, 11:24, 11:25, 12:3, 12:4, 12:6, 12:8, 12:9, 12:10, 12:17, 12:19, 12:20, 12:21, 13:3, 13:7, 13:11, 13:19, 13:25, 14:3, 14:5, 14:8, 14:10, 14:12, 14:17, 14:20, 14:23, 15:8
**Off -** 14:25
**Office -** 1:33
**Officer -** 6:17
**Often -** 12:2
**Okay -** 2:13
**On -** 2:4, 2:19, 3:5, 3:10, 3:12, 4:7, 4:13, 4:14, 4:20, 4:22, 4:23, 5:21, 5:22,

6:12, 8:8, 10:9, 12:24, 13:9, 13:11, 13:25, 14:11, 14:21, 14:22
**One -** 3:3, 3:10, 3:24, 8:20
**Only -** 4:18, 4:19, 5:10, 10:21, 13:11
**Operate -** 2:22
**Operations -** 11:18
**Opinion -** 8:2, 8:13
**Or -** 3:3, 3:4, 3:10, 3:22, 5:4, 7:24, 8:7, 9:1, 9:2, 9:4, 9:10, 9:12, 9:13, 10:10, 10:16, 10:20, 11:11, 12:18, 12:20, 12:21, 12:22, 13:1
**Orchestrated -** 10:1
**Orders -** 2:16
**ORION -** 1:16, 2:19, 6:16
**OTHER -** 1:20, 7:12, 13:14, 13:15, 13:18
**Others -** 5:6, 12:18, 14:4
**Out -** 10:1, 10:12
**Outlined -** 4:16
**Over -** 6:16
**Overall -** 10:10, 10:12, 10:15, 10:20, 12:5
**Owed -** 12:9
**Owned -** 4:8, 4:9, 4:11, 5:15, 6:25, 7:1, 13:8, 13:14
**Owner -** 4:6, 11:24
**Ownership -** 7:7

## P

**PA -** 11:18
**Pachulski -** 1:23
**Paragraph -** 9:18
**Parma -** 10:2
**Parmar -** 3:9, 4:7, 4:11, 5:12, 5:22, 6:1, 6:15, 10:13
**Parmar's -** 10:2
**Part -** 4:18, 5:7
**Partial -** 4:17
**Participating -** 13:6
**Particularly -** 6:21
**Parties -** 2:10, 4:12, 4:22, 5:7, 6:9, 7:21
**Partner -** 10:2
**Party -** 8:4, 12:25
**Paul -** 3:9
**Pay -** 6:2, 9:5
**Payment -** 4:4, 9:12, 10:11, 10:22, 12:3

**PC -** 5:16
**PCA -** 6:7
**Pennsylvania -** 11:19
**Period -** 8:6
**Person -** 3:9, 11:24
**Personal -** 12:1, 12:3, 13:4, 13:20
**Personally -** 13:5
**Petition -** 2:19, 3:5, 3:24, 7:23, 8:19
**Physician -** 2:23, 5:18, 11:1, 11:6
**Physicians -** 3:18, 4:10, 7:17, 11:12
**Plaintiff -** 1:22, 2:2, 2:4
**Please -** 2:2
**Plus -** 3:18, 5:18
**Porteck -** 3:12, 3:15, 4:15, 5:14, 5:16, 5:19, 5:20, 6:8, 9:20, 10:6, 10:20, 10:23, 11:24, 12:6, 12:9
**Porteck's -** 5:24
**Portion -** 11:5
**Post -** 2:17, 3:19, 12:11, 14:14, 14:18
**Practice -** 2:23, 3:18, 5:18, 7:17, 11:6, 11:12
**Practices -** 2:23, 11:2
**Pre -** 3:5, 3:24, 7:5, 14:14
**Precise -** 9:15
**PREFERENCE -** 1:18
**Prejudgment -** 14:18
**Present -** 9:11
**Presented -** 2:14
**Preserved -** 14:5, 14:7
**Pretrial -** 5:7
**Previously -** 12:13
**Price -** 3:14, 3:17, 5:23, 5:25, 6:3, 6:9, 6:12, 10:11, 10:12, 12:5, 13:17
**Primarily -** 2:22
**Prior -** 7:23, 8:19
**Proceeding -** 2:24, 4:12
**Proceedings -** 1:42, 2:15, 15:8
**Produced -** 1:43
**Proffered -** 12:4
**Proof -** 5:3, 7:14, 8:4, 11:17
**Property -** 8:5, 8:18, 9:3, 9:7, 9:10, 9:13, 9:17, 12:19, 12:20, 13:1
**Protect -** 6:20, 11:6
**Prove -** 11:21, 12:10

**Proven -** 11:11
**Provided -** 3:14, 3:17, 3:20, 5:22, 7:4, 7:5, 11:1, 13:13
**Provides -** 7:25, 12:11, 12:17, 14:3, 14:9
**Provision -** 3:16, 3:19, 11:5
**Provisions -** 8:1, 10:7
**PTA -** 6:6
**Purchase -** 3:13, 3:14, 3:17, 4:5, 5:23, 5:24, 6:3, 6:9, 6:12, 6:13, 6:24, 6:25, 7:2, 7:6, 9:23, 10:10, 10:12, 12:5, 13:17
**Purportedly -** 9:22
**Purpose -** 6:19
**Purposes -** 4:21, 5:8, 8:7, 13:5, 13:20
**Pursuant -** 4:4, 5:19, 11:3, 14:6

---

**Q**

**Questioned -** 10:17

---

**R**

**Rates -** 14:19
**Re -** 1:4, 8:10, 8:22, 9:5, 11:18
**Really -** 6:2
**Reason -** 13:16
**Reasonably -** 8:20, 9:3, 11:15
**Reasons -** 4:16, 4:24, 12:14
**Receipt -** 14:14
**Received -** 8:19, 14:10
**Receives -** 9:8, 9:9
**Recess -** 14:21, 14:24
**Recite -** 5:10
**Record -** 3:21, 10:23, 11:9, 13:2, 13:9, 13:16, 14:25
**Recorded -** 1:42
**Recording -** 1:42
**Recordings -** 15:8
**Records -** 6:10, 12:8
**Recover -** 5:1, 12:16, 12:19, 13:23
**Recoverable -** 12:25, 14:1, 14:6
**Recovered -** 2:24
**RECOVERY -** 1:18, 1:19

**Refer -** 3:8, 3:13, 4:2
**Reference -** 2:16
**Referred -** 5:16
**Reflect -** 12:8
**Reflected -** 6:10
**Reflects -** 3:21, 6:3
**Relates -** 10:22, 11:22, 12:12
**Relationship -** 13:15
**Relevant -** 12:9
**Relief -** 4:19, 12:12
**Remaining -** 4:22, 11:11
**Rendered -** 9:1
**Repaid -** 14:11, 14:13
**Reportedly -** 4:3
**Reports -** 7:3
**Represented -** 4:4
**Request -** 7:14
**Requested -** 4:19
**Required -** 7:2
**Requires -** 9:7
**Respect -** 5:11, 14:8
**Response -** 10:19
**Retains -** 13:1
**Returned -** 3:21
**Returns -** 7:4
**Revenue -** 2:23
**Right -** 11:7
**Rights -** 3:22, 11:6
**Robinson -** 6:11
**ROSEN -** 1:27, 1:28, 2:7, 15:2
**Routinely -** 8:12
**Ruling -** 2:14, 4:14, 4:21, 5:10, 14:20, 14:23

---

**S**

**Sale -** 4:9, 13:7
**Sam -** 13:10
**Same -** 13:13
**SANFORD -** 1:27, 2:7, 15:2
**Santa -** 1:24
**Satisfied -** 8:22
**Satisfy -** 5:3
**Satisfying -** 11:14
**SCHEIMAN -** 1:32, 1:33, 2:9, 15:3
**Scribe -** 1:37
**Second -** 3:23, 4:2, 4:3, 4:20, 4:24, 5:1, 6:23, 8:12, 9:21, 10:22, 12:12, 12:13, 12:15, 12:23, 13:3, 13:6, 13:23, 14:1, 14:5, 14:7,

14:16
**Section -** 2:15, 3:1, 3:16, 6:21, 7:22, 8:16, 10:25, 12:17, 12:24, 14:2, 14:3, 14:6, 14:9
**Sections -** 3:2, 12:18, 14:4
**Secure -** 9:11, 11:7
**See -** 8:1, 8:10, 8:13, 8:22, 9:5, 9:18, 11:18
**Seek -** 3:22
**Selected -** 11:4
**Selection -** 6:22
**Sell -** 4:7, 5:24
**Seller -** 3:12, 3:21, 4:10, 5:21, 10:25, 11:10, 13:18
**Sellers -** 5:19, 12:9
**Selling -** 11:23
**Series -** 2:21
**Served -** 6:17
**Service -** 1:43
**Services -** 5:14
**Set -** 4:21
**Settlement -** 2:11
**Several -** 2:20
**Share -** 7:7
**Shareholder -** 11:24
**Shell -** 4:9, 13:12
**Shelter -** 1:30
**Should -** 9:24
**Side -** 14:22
**Sideways -** 6:14
**Sign -** 13:11
**Signatory -** 11:23
**Signed -** 4:10, 5:22
**Similarly -** 7:25
**Since -** 13:17
**Small -** 9:3, 9:12
**So -** 6:7, 7:25, 11:17, 13:21
**Software -** 4:7
**Sole -** 13:2
**Solely -** 13:18
**Solution -** 4:11
**Sought -** 2:24, 8:14
**Sound -** 1:42, 15:8
**Source -** 10:7
**Southern -** 9:6
**Space -** 2:22
**Specific -** 12:3
**Specifically -** 10:5
**Standing -** 2:16
**Stang -** 1:23
**Starting -** 2:2, 2:19

**State -** 1:34, 7:4, 7:16, 7:25, 8:23, 9:20, 9:21, 9:23
**Stated -** 6:24, 10:18, 11:3, 12:3
**STATES -** 1:1
**Statutes -** 9:19
**Statutory -** 14:19
**Stay -** 5:5
**Stems -** 10:8
**Still -** 11:17
**Stipulate -** 5:8
**Stipulated -** 5:9
**Street -** 1:34, 1:38
**Subject -** 9:15, 9:17, 10:15, 12:6
**Submit -** 14:15
**Submitted -** 11:20, 14:23
**Successful -** 4:23
**Such -** 11:3, 11:4, 12:21, 12:22, 12:24, 14:11
**Suggests -** 10:10, 12:5
**SUIT -** 1:17, 14:20
**Summary -** 4:13, 4:14, 4:17, 4:18, 4:20, 5:4, 11:21
**Summons -** 7:15
**Supports -** 13:9
**Suspicion -** 12:5

| T |
|---|

**Take -** 2:1, 11:25
**Tax -** 7:4
**Technologies -** 5:13
**Technology -** 5:14, 6:17
**Terms -** 3:15, 4:4
**Testified -** 6:2, 6:19, 13:19
**Testimony -** 7:20, 7:21
**Than -** 6:8, 8:20, 13:14, 13:18
**Thank -** 14:25, 15:1, 15:2, 15:3
**That -** 3:8, 3:11, 3:15, 3:18, 3:20, 3:22, 4:1, 4:2, 4:9, 4:15, 4:19, 4:24, 5:2, 5:3, 6:3, 6:9, 6:11, 6:13, 6:24, 7:8, 8:4, 8:13, 8:17, 8:18, 8:19, 8:20, 9:7, 9:8, 9:10, 9:14, 9:16, 9:18, 9:24, 9:25, 10:2, 10:3, 10:4, 10:6, 10:18, 10:19, 10:24, 11:1, 11:5, 11:9, 11:11, 11:13, 11:20, 12:7, 12:9, 12:11, 12:13, 12:15,

12:17, 12:18, 13:1, 13:2, 13:4, 13:5, 13:10, 13:12, 13:14, 13:19, 13:22, 13:23, 14:1, 14:4, 14:10, 14:15, 14:20, 14:22, 15:7
**The -** 1:22, 1:27, 2:1, 2:2, 2:4, 2:6, 2:8, 2:10, 2:13, 2:14, 2:16, 2:17, 2:18, 2:19, 2:22, 2:25, 3:1, 3:2, 3:3, 3:4, 3:5, 3:6, 3:7, 3:8, 3:9, 3:10, 3:11, 3:14, 3:15, 3:17, 3:18, 3:19, 3:20, 3:21, 3:22, 3:23, 3:25, 4:1, 4:2, 4:3, 4:4, 4:6, 4:12, 4:14, 4:15, 4:16, 4:17, 4:18, 4:20, 4:21, 4:22, 4:23, 4:24, 4:25, 5:1, 5:2, 5:3, 5:4, 5:5, 5:7, 5:8, 5:9, 5:11, 5:15, 5:17, 5:18, 5:19, 5:20, 5:21, 5:22, 5:24, 6:2, 6:3, 6:4, 6:5, 6:6, 6:7, 6:9, 6:10, 6:12, 6:13, 6:15, 6:16, 6:17, 6:18, 6:19, 6:20, 6:21, 6:22, 6:23, 6:24, 7:2, 7:5, 7:6, 7:7, 7:8, 7:9, 7:14, 7:18, 7:19, 7:21, 7:22, 7:23, 8:3, 8:4, 8:5, 8:6, 8:8, 8:9, 8:11, 8:12, 8:14, 8:16, 8:17, 8:18, 8:19, 8:21, 9:1, 9:2, 9:4, 9:8, 9:10, 9:13, 9:14, 9:16, 9:17, 9:19, 9:20, 9:21, 9:22, 9:23, 9:24, 9:25, 10:3, 10:5, 10:6, 10:7, 10:8, 10:9, 10:10, 10:11, 10:12, 10:13, 10:14, 10:15, 10:16, 10:17, 10:18, 10:19, 10:20, 10:21, 10:22, 10:23, 10:24, 10:25, 11:1, 11:2, 11:5, 11:6, 11:7, 11:8, 11:10, 11:11, 11:12, 11:13, 11:16, 11:17, 11:19, 11:20, 11:21, 11:22, 11:23, 11:24, 12:3, 12:4, 12:5, 12:6, 12:7, 12:9, 12:10, 12:12, 12:13, 12:14, 12:15, 12:16, 12:17, 12:19, 12:20, 12:21, 12:23, 12:25, 13:1, 13:2, 13:3, 13:6, 13:7, 13:9, 13:11, 13:13, 13:14, 13:16, 13:19, 13:22, 13:23,

13:24, 13:25, 14:1, 14:2, 14:3, 14:5, 14:7, 14:8, 14:9, 14:10, 14:13, 14:15, 14:16, 14:19, 14:20, 14:21, 14:22, 14:24, 14:25, 15:7, 15:8, 15:9
**Their -** 5:7, 11:7
**Them -** 5:11
**Then -** 2:6, 2:13, 4:21, 5:12, 6:16
**Theory -** 10:6
**There -** 7:20, 13:15, 13:16
**Therefore -** 14:2
**These -** 13:16
**They -** 2:19, 2:20, 3:21, 9:18, 14:13
**This -** 2:1, 2:13, 2:15, 2:17, 2:23, 4:12, 4:13, 4:21, 5:10, 8:1, 8:7, 8:13, 10:21, 10:22, 13:9
**Those -** 5:9, 5:10, 6:17, 6:22, 7:3, 7:5, 7:11, 7:13, 8:1
**Though -** 5:23
**Through -** 2:21, 3:2, 8:16
**Thus -** 10:20, 11:12, 12:11, 13:16, 13:23
**Time -** 1:10, 3:11, 4:15, 4:19, 5:15, 6:6, 6:7, 9:2, 12:9
**Times -** 6:9
**Title -** 2:15
**To -** 2:11, 2:16, 2:24, 3:4, 3:6, 3:8, 3:14, 3:17, 3:18, 3:21, 3:22, 3:25, 4:1, 4:2, 4:4, 4:7, 4:24, 5:5, 5:6, 5:8, 5:11, 5:13, 5:16, 5:19, 5:24, 6:1, 6:2, 6:4, 6:12, 6:13, 6:14, 6:16, 6:19, 7:3, 7:4, 7:5, 7:20, 7:23, 7:24, 8:3, 8:7, 8:9, 8:14, 8:19, 9:2, 9:5, 9:11, 9:15, 10:5, 10:9, 10:22, 11:2, 11:3, 11:6, 11:7, 11:13, 11:17, 11:21, 11:23, 11:25, 12:9, 12:12, 12:17, 13:3, 13:11, 13:13, 13:14, 13:17, 13:18, 13:22, 14:6, 14:8, 14:9, 14:14, 14:22, 14:23
**Told -** 6:1
**Took -** 7:14
**Total -** 6:7
**Totaling -** 7:12
**Transaction -** 4:6, 4:16,

10:8, 10:15, 10:21, 13:7
**Transactions -** 12:2
**Transcriber -** 1:36
**Transcript -** 1:43, 15:8
**Transcription -** 1:43
**TRANSFER -** 1:19, 3:5, 3:8, 3:11, 3:23, 3:24, 4:1, 4:2, 4:3, 4:20, 4:25, 5:1, 5:4, 5:11, 6:23, 7:23, 8:3, 8:6, 8:23, 8:25, 9:2, 9:19, 9:22, 10:6, 10:16, 10:18, 11:11, 11:13, 11:22, 12:7, 12:10, 12:12, 12:13, 12:15, 12:18, 12:20, 12:21, 12:22, 12:23, 12:24, 12:25, 13:3, 13:6, 13:22, 13:24, 13:25, 14:1, 14:4, 14:5, 14:7, 14:11, 14:14, 14:16
**Transferee -** 8:9, 12:21, 12:22, 13:2
**Transferor -** 8:8, 9:1, 9:4, 9:8
**Transferred -** 8:5, 8:18, 9:10, 9:13, 12:20
**Transfers -** 2:24, 3:1, 3:3, 4:3, 6:18, 8:15, 9:18, 9:25, 10:1, 10:3, 10:5, 13:1
**Trial -** 2:14, 2:17, 4:22, 4:23, 5:8, 6:3, 7:8, 7:13, 7:19, 9:24, 10:9, 10:17, 11:20
**Triggered -** 3:23
**Triggering -** 11:8
**TRUST -** 1:21, 2:1, 3:25, 5:20, 5:21, 12:1
**TRUSTEE -** 1:16, 2:25, 4:25, 5:2, 7:9, 7:14, 7:23, 8:14, 8:17, 9:24, 10:10, 10:13, 10:16, 10:18, 11:10, 11:12, 11:16, 12:5, 12:16, 12:19, 13:23, 13:25, 14:9
**Trustees -** 14:15
**Trustee's -** 4:18, 8:9, 10:6, 10:17, 14:3
**Two -** 2:24, 3:5, 5:16, 7:23, 8:1, 8:19

| U |
|---|

**Under -** 2:15, 2:16, 3:1, 3:16, 4:6, 6:4, 8:15, 8:16, 8:23, 10:21, 10:25, 12:18, 12:23, 14:2, 14:4

**Underlying -** 10:14
**Undertaken -** 7:3, 9:14
**Undisputed -** 9:16, 11:21
**Unfortunately -** 2:12
**UNITED -** 1:1
**Unless -** 14:13
**Until -** 14:11, 14:13, 14:21, 14:24
**Up -** 6:3, 10:11
**Upon -** 7:14
**Upwards -** 5:25
**Used -** 12:1, 13:4, 13:19

| V |
| --- |

**Validity -** 10:14
**Value -** 6:6, 6:7, 8:20, 9:9, 9:13, 11:15, 12:20
**Various -** 7:2
**Vehicle -** 13:4
**Verified -** 7:15
**Versus -** 7:16
**Very -** 7:20
**Visian -** 7:16

| W |
| --- |

**WALIA -** 1:7, 1:13, 1:17, 2:9, 3:4, 3:11, 4:6, 4:7, 4:8, 4:25, 5:4, 5:15, 5:20, 5:21, 5:23, 5:25, 6:1, 6:2, 6:14, 6:16, 6:18, 7:1, 7:15, 7:17, 7:18, 10:2, 10:4, 10:7, 10:13, 11:23, 12:1, 12:15, 13:4, 13:5, 13:8, 13:10, 13:13, 13:14, 13:19, 13:22, 14:9, 14:12, 14:17
**Walia's -** 10:4
**Wanted -** 5:13
**Was -** 3:5, 3:9, 3:11, 3:12, 3:17, 3:23, 3:25, 4:1, 4:6, 4:9, 4:19, 4:23, 5:14, 5:15, 5:25, 6:7, 6:8, 6:9, 6:24, 6:25, 7:1, 7:19, 8:6, 8:9, 8:18, 8:21, 9:1, 9:2, 9:17, 9:19, 9:20, 9:21, 9:22, 10:2, 10:12, 10:15, 10:19, 10:24, 11:4, 11:6, 11:13, 11:20, 11:23, 11:24, 12:3, 12:6, 12:13, 12:22, 12:25, 13:2, 13:3, 13:4, 13:5, 13:10, 13:11, 13:12, 13:18, 13:22
**Way -** 2:18
**Well -** 5:10, 7:12, 7:22,
13:6, 14:19
**We'll -** 2:1
**Went -** 6:11, 6:13, 6:14
**Were -** 2:19, 2:20, 3:3, 3:20, 3:23, 4:23, 5:8, 5:17, 5:19, 6:4, 6:6, 6:18, 7:3, 7:4, 7:5, 7:12, 7:13, 7:20, 7:22, 9:18, 10:5, 11:9
**Western -** 11:19
**Westlaw -** 8:2
**What -** 2:17, 11:20
**When -** 9:7, 9:10
**Whether -** 10:18
**Which -** 2:22, 3:12, 3:13, 3:16, 3:25, 5:8, 5:17, 6:25, 7:1, 9:3, 9:17, 9:20, 9:21, 10:7, 10:8, 10:21, 10:24, 13:8
**While -** 10:25, 11:15, 12:14
**Who -** 3:9, 5:15, 13:5, 13:22, 14:10
**Whose -** 12:21, 12:25
**Will -** 2:13, 5:9, 5:10, 14:2, 14:10, 14:20, 14:21, 14:24, 14:25
**Wire -** 3:23, 6:11, 13:13
**Wired -** 13:17
**With -** 2:2, 2:19, 3:13, 4:5, 5:11, 6:24, 7:24, 8:4, 8:7, 9:13, 9:20, 9:22, 10:10, 14:8, 14:17, 14:18, 14:23
**Within -** 8:6, 8:19, 9:18, 14:23
**Without -** 8:25, 11:13
**Witnesses -** 7:13
**Witnesses' -** 7:20, 7:21
**Wong -** 7:11
**Work -** 11:25, 14:22
**Would -** 9:4, 11:1
**Writing -** 5:24

| Y |
| --- |

**Year -** 3:24, 4:13
**Years -** 3:5, 7:23, 8:19
**YORK -** 1:2, 1:4, 1:35, 3:2, 7:16, 7:25, 8:11, 8:16, 9:6, 9:21, 9:24
**You -** 14:25, 15:1, 15:2, 15:3
**Your -** 2:3, 2:12, 15:1, 15:3

| Z |
| --- |

**Zaharis -** 13:10
**Zerbo -** 8:14
**Ziehl -** 1:23

| ' |
| --- |

**'S -** 12:2

| $ |
| --- |

**$1,350,000 -** 6:6
**$1,520,000 -** 4:2, 5:1, 6:23, 7:7, 12:16, 13:17
**$10,800,000 -** 5:24
**$12,800,000 -** 3:15, 5:23, 6:8
**$2,000,000 -** 5:25, 6:1, 6:4, 6:9, 10:11
**$2,500,000 -** 3:8, 3:17, 5:11, 6:19, 10:8, 10:22, 10:24, 11:1, 11:11, 11:22, 12:3, 12:8
**$200,000 -** 6:4
**$3,000,000 -** 6:14
**$474,000 -** 6:7
**$6,800,000 -** 6:13
**$61,590 -** 14:12
**$9,800,000 -** 6:11, 6:13

| 1 |
| --- |

**1.6 -** 3:16, 6:21, 11:1
**10:00 -** 1:10
**10004 -** 1:35
**10100 -** 1:24
**10141 -** 7:15
**10th -** 4:13
**11 -** 14:21, 14:24
**11710 -** 1:39
**11965 -** 1:30
**12 -** 1:18
**1274 -** 1:29
**13 -** 1:18, 10:23, 15:12
**137 -** 5:9
**13th -** 1:25
**14 -** 1:19, 14:24
**15 -** 3:6
**157B -** 2:15
**17 -** 1:34
**172 -** 8:22
**186 -** 8:22

| 2 |
| --- |

**20 -** 1:6

**2008 -** 8:11
**2011 -** 9:6
**2015 -** 5:12, 5:17
**2016 -** 3:6
**2017 -** 3:24, 7:6, 13:9
**2018 -** 14:12
**2022 -** 11:19
**2023 -** 8:23
**2024 -** 1:6, 15:12
**20-8049 -** 14:21
**21 -** 13:9
**213 -** 8:2
**2376 -** 1:38
**23rd -** 4:23
**272 -** 9:7
**273 -** 3:2, 8:16
**275 -** 8:16
**276 -** 3:2, 7:25
**28 -** 2:15

| 3 |
| --- |

**31 -** 7:12
**391 -** 9:5
**392 -** 8:14
**394 -** 8:11

| 4 |
| --- |

**40 -** 1:34
**441 -** 9:5
**452 -** 9:5
**492375 -** 8:2

| 5 |
| --- |

**502D -** 14:9
**544 -** 3:1, 12:18
**547 -** 1:18
**548 -** 1:19, 3:1, 7:22, 8:16, 12:18, 12:24, 14:4, 14:6
**550 -** 12:17, 12:24, 14:2
**551 -** 14:3
**553 -** 11:18

| 6 |
| --- |

**6:37 -** 13:9
**626 -** 11:18
**642 -** 8:14
**644 -** 11:18
**646 -** 8:11
**649 -** 8:14
**657 -** 8:22

EHRENBERG V. WALIA ET AL                8-20-08049-AST                NOVEMBER 20, 2024

| **8** |
|---|
| **8-20-08049 -** 1:8, 1:12 |

| **9** |
|---|
| **90067 -** 1:26 |

E-SCRIBE

# United States Bankruptcy Court

### Eastern District of New York
### 290 Federal Plaza
### Central Islip, NY 11722

IN RE:                                                                           CASE NO: 8–20–08049–ast

    Ehrenberg v. Arvind Walia et al

                DEBTOR(s)

## NOTICE OF FILING OF TRANSCRIPT AND OF DEADLINES RELATED TO RESTRICTION AND REDACTION

**NOTICE IS HEREBY GIVEN THAT:**

A transcript of the proceeding held on 11/20/24 was filed on 12/16/24.

The following deadlines apply:

The parties have until December 23, 2024 to file with the court a Notice of Intent to Request Redaction of this transcript. The deadline for filing a Transcript Redaction Request is January 6, 2025.

If a Transcript Redaction Request is filed, the redacted transcript is due January 16, 2025.

If no such Notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is March 17, 2025, unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber E–Scribe at 800–300–1012 or you may view the document at the public terminal at the Office of the Clerk.

 Dated: December 18, 2024

                                   For the Court, Robert A. Gavin, Jr., Clerk of Court

**BLnftransap2.jsp** [Notice of Filing Transcript and Deadlines to Restriction and Redaction rev. 02/01/17]

# Notice Recipients

District/Off: 0207–8                User: admin                Date Created: 12/18/2024

Case: 8–20–08049–ast              Form ID: 296              Total: 4

**Recipients of Notice of Electronic Filing:**

aty        Eugene Ronald Scheiman        eugene.scheiman@scheimanlaw.com
aty        Sanford P Rosen          srosen@rosenpc.com

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

aty        Jeffrey Norlan        Pachulski Stang Ziehl & Jones LLP        780 Third Avenue        34th Floor        New York, NY 10017

Jeffrey Nolan        Pachulski Stang Ziehl & Hones        10100 Santa Monica Boulevard        13th Floor        Los Angeles, CA 90067

TOTAL: 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

ORION HEALTHCORP., INC., *et al*.,

                 *Debtor,*

ARVIND WALIA; NIKNIM MANAGEMENT,
INC.,

                 *Appellants*,

        -v-

HOWARD EHRENBERG, in his capacity as
Liquidating trustee of Orion Healthcorp. Inc., *et al*,

                 *Appellee.*

-----------------------------------------------------------X

**JUDGMENT**
Bank Case No. 8-20-08049-ast
CV 24-3330 (GRB)

An Order Dismissing Case of Honorable Gary R. Brown, United States District Judge,

having been filed on March 19, 2025, denying Appellant's appeal without prejudice to renewal

after the entry of a final decision by the Bankruptcy Court, and directing the Clerk of the Court

to close this case, it is

      **ORDERED AND ADJUDGED** that Appellants Arvind Walia and Niknim Management,

Inc. 's appeal is denied without prejudice to renewal after the entry of a final decision by the

Bankruptcy Court; and that this case is closed.

Dated:  March 20, 2025
         Central Islip, New York

                 BRENNA B. MAHONEY
                 CLERK OF COURT

         BY:   /S/ JAMES J. TORITTO
                 DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>     Debtor. | Chapter 11<br><br>Case No. 18-71748-(AST) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>     Plaintiff,<br><br>   - against -<br><br>ARVIND WALIA; NIKNIM MANAGEMENT, INC.,<br><br>     Defendant. | Adversary Proc. No. 20-08049-(AST) |

## JUDGEMENT AGAINST AR IND WALIA AND NIKNIM MANAGEMENT INC.

The Court having called this adversary for the duly scheduled ruling conference on

November 20, 2024, (the "Ruling Conference") following the trial conducted on July 24, 2024,

and the Court having considered the evidence submitted by the parties and issued its order

related thereto, judgment is hereby entered against Arvind Walia and NIKNIM Management,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748

Inc., jointly and individually, in favor of the Plaintiff, Howard M. Ehrenberg, In His Capacity As Liquidating Trustee Of Orion Healthcorp, Inc., as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff recover the following:

1.    Judgment is hereby entered against Defendants, Arvind Walia, and NIKNIM Management, Inc., jointly and individually, and in favor of Plaintiff, Howard M Ehrenberg, the duly appointed Liquidating Trustee for Orion Healthcorp., Inc., in the amount of $1,520,000 in principal plus costs of suit of $350.00 and prejudgment interest, calculated from the date of the filing of the Complaint on March 13, 2020, to judgment, (1,831 days) calculated in accordance with New York State Law at 9  simple interest in the amount of $686,248.76, for a total judgment of $2,206,598.76.

2.    Post-judgment interest shall accrue and be payable by Defendants, Arvind Walia and NIKNIM Management, Inc., jointly and individually at the prevailing federal rate pursuant to 28 U.S.C. § 1961(a) from the date of entry of this Judgment to the date the amount is paid in full.



Dated: April 3, 2025
      Central Islip, New York

_____
      Alan S. Trust
Chief United States Bankruptcy Judge

2336

# Notice Recipients

District/Off: 0207−8             User: admin                Date Created: 4/4/2025
Case: 8−20−08049−ast            Form ID: pdf000            Total: 6

**Recipients of Notice of Electronic Filing:**
aty        Eugene Ronald Scheiman        eugene.scheiman@scheimanlaw.com
aty        Paris Gyparakis        pgyparakis@pbnlaw.com
aty        Sanford P Rosen         srosen@rosenpc.com

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust        United States Trustee        Long Island Federal Courthouse        560 Federal Plaza − Room 560        Central Islip, NY 11722−4437 USA
10129404        Arvind Walia        C/O The Law Office of Eugene R. Scheiman        570 Lexington Avenue, Suite 1600        New York, New York 10022
10129405        Niknim Management Inc.        C/O The Law Office of Eugene R. Scheiman        570 Lexington Avenue, Suite 1600        New York, New York 10022

TOTAL: 3

Official Form 417A (12/23)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>               Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>               Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>               Defendants. | Adv. Proc. No. 20-08049 (AST) |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1.      Name(s) of appellant(s): Arvind Walia and Niknim Management Inc.

2.      Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☒ Defendants
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1.    Describe the judgment—or the appealable order or decree—from which the appeal is taken:

      a.   *Judgment against Defendants Arvind Walia and Niknim Management Inc.*
          *ORDERED AND ADJUDGED that Plaintiff recover the following: Judgment is hereby entered against Defendants, Arvind Walia, and NIKNIM Management, Inc., jointly and individually, and in favor of Plaintiff, Howard M Ehrenberg, the duly*

*appointed Liquidating Trustee for Orion Healthcorp., Inc., in the amount of $1,520,000 in principal plus costs of suit of $350.00 and prejudgment interest, calculated from the date of the filing of the Complaint on March 13, 2020, to judgment, (1,831 days) calculated in accordance with New York State Law at 9% simple interest in the amount of $686,248.76, for a total judgment of $2,206,598.76.Post-judgment interest shall accrue and be payable by Defendants, Arvind Walia and NIKNIM Management, Inc., jointly and individually at the prevailing federal rate pursuant to 28 U.S.C. § 1961(a) from the date of entry of this Judgment to the date the amount is paid in full [Doc. No. 157], a copy of which is annexed hereto.*

2.  State the date on which the judgment—or the appealable order or decree—was entered: April 3, 2025

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| 1.  Plaintiff:<br><br>HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL. | Jeffery P. Nolan, Esq.<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Phone: (310) 772.2313<br>Email: jnolan@pszjlaw.com |
| 2.  Defendants:<br><br>ARVIND WALIA and NIKNIM MANAGEMENT INC. | Sanford P. Rosen, Esq.<br>**ROSEN & ASSOCIATES, P.C.**<br>PO Box 1274<br>Shelter Island Heights, NY 11965<br>Phone: (212) 223-1100<br>Email: srosen@rosenpc.com<br><br>Eugene R. Scheiman, Esq.<br>**LAW OFFICS OF EUGENE R. SCHEIMAN, PLLC**<br>570 Lexington Avenue<br>New York, NY 10022<br>Phone: (646) 280-9000<br>Email: eugene.scheiman@sheimanlaw.com |

2339

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**5: Sign below**

**ROSEN & ASSOCIATES, P.C.**

By: _/s/ Sanford P. Rosen_
    Sanford P. Rosen                                         April 10, 2025

P.O. Box 1274
Shelter Island Heights, NY 11965
Telephone: (212) 223-1100

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**CERTIFICATE OF SERVICE**

     I certify that on April 10, 2025, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

/s/ _Christine McCabe_
    Christine McCabe

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC.,[1] | Case No. 18-71748-(AST) |
| Debtor. | |

| | |
|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | |
| Plaintiff, | |
| - against - | Adversary Proc. No. 20-08049-(AST) |
| ARVIND WALIA; NIKNIM MANAGEMENT, INC., | |
| Defendant. | |

## JUDGEMENT AGAINST AR IND WALIA AND NIKNIM MANAGEMENT INC.

The Court having called this adversary for the duly scheduled ruling conference on

November 20, 2024, (the "Ruling Conference") following the trial conducted on July 24, 2024,

and the Court having considered the evidence submitted by the parties and issued its order

related thereto, judgment is hereby entered against Arvind Walia and NIKNIM Management,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748

Inc., jointly and individually, in favor of the Plaintiff, Howard M. Ehrenberg, In His Capacity As Liquidating Trustee Of Orion Healthcorp, Inc., as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff recover the following:

1.  Judgment is hereby entered against Defendants, Arvind Walia, and NIKNIM Management, Inc., jointly and individually, and in favor of Plaintiff, Howard M Ehrenberg, the duly appointed Liquidating Trustee for Orion Healthcorp., Inc., in the amount of $1,520,000 in principal plus costs of suit of $350.00 and prejudgment interest, calculated from the date of the filing of the Complaint on March 13, 2020, to judgment, (1,831 days) calculated in accordance with New York State Law at 9  simple interest in the amount of $686,248.76, for a total judgment of $2,206,598.76.

2.  Post-judgment interest shall accrue and be payable by Defendants, Arvind Walia and NIKNIM Management, Inc., jointly and individually at the prevailing federal rate pursuant to 28 U.S.C. § 1961(a) from the date of entry of this Judgment to the date the amount is paid in full.



Dated: April 3, 2025
      Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge

2342

# Notice Recipients

District/Off: 0207–8                User: admin                    Date Created: 4/4/2025
Case: 8–20–08049–ast               Form ID: pdf000                 Total: 6

**Recipients of Notice of Electronic Filing:**
aty        Eugene Ronald Scheiman        eugene.scheiman@scheimanlaw.com
aty        Paris Gyparakis        pgyparakis@pbnlaw.com
aty        Sanford P Rosen        srosen@rosenpc.com

                                                                    TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust        United States Trustee        Long Island Federal Courthouse        560 Federal Plaza – Room 560        Central Islip,
           NY 11722–4437 USA
10129404   Arvind Walia        C/O The Law Office of Eugene R. Scheiman        570 Lexington Avenue, Suite 1600        New
           York, New York 10022
10129405   Niknim Management Inc.        C/O The Law Office of Eugene R. Scheiman        570 Lexington Avenue, Suite
           1600        New York, New York 10022

                                                                    TOTAL: 3

# Notice Recipients

District/Off: 0207−8                    User: admin                    Date Created: 4/17/2025
Case: 8−20−08049−ast                    Form ID: pdf000                Total: 2

**Recipients of Notice of Electronic Filing:**
aty          Jeffrey P Nolan          jnolan@pszjlaw.com

                                                                            TOTAL: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust          United States Trustee          Long Island Federal Courthouse          560 Federal Plaza − Room 560          Central Islip,
             NY 11722−4437

                                                                            TOTAL: 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

## CIVIL COVER SHEET

This form is REQUIRED for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

IN RE: Bankruptcy Case No. 18-71748 (AST) Adv. Pro. No. *(if applicable)* 20-08049 (AST)

## Bankruptcy Appeal

| APPELLANTS | APPELLEES |
|---|---|
| ARVIND WALIA and NIKNIM MANAGEMENT INC. | HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL. |

| ATTORNEYS (FIRM NAME, ADDRESS, TEL. NO.) | ATTORNEYS (IF KNOWN) |
|---|---|
| Sanford P. Rosen, Esq. **ROSEN & ASSOCIATES, P.C.** P.O. Box 1274 Shelter Island Heights, NY 11965 Phone: (212) 223-1100 Email: srosen@rosenpc.com | Jeffery P. Nolan, Esq. **PACHULSKI STANG ZIEHL & JONES LLP** 780 Third Avenue, 34th Floor New York, NY 10017 Phone: (310) 772.2313 Email: jnolan@pszjlaw.com |
| Eugene R. Scheiman, Esq. **LAW OFFICES OF EUGENE R. SCHEIMAN, PLLC** 570 Lexington Avenue New York, NY 10022 Phone: (646) 280-9000 Email: eugene.scheiman@sheimanlaw.com | |

BASIS OF JURISDICTION: Federal Question

CAUSE OF ACTION - 28:1334 Bankruptcy Appeal *(Write brief statement of cause.)*
Appellants appeal from the Judgment of the United States Bankruptcy Court entered against Appellants Arvind Walia and Niknim Management Inc. [Doc. No. 157]

NATURE OF SUIT: 422 Bankruptcy Appeal (801)

RELATED CASE(S) IN DISTRICT COURT, IF ANY

DISTRICT JUDGE _____ DOCKET NUMBER_____

*CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVED:*

*1. PROPERTY ' INCLUDED IN AN EARLIER NUMBERED PENDING SUIT*
*2. SAME ISSUE OF FACT OR GROWS OUT OF THE SAME TRANSACTION*
*3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT COPYRIGHT OR TRADEMARK*

Date: 04/10/2025 _____          Signature of Attorney of Record: /s/ *Sanford P. Rosen*
                                                                                                          *(or Appellant Pro Se)*

**FOR COURT USE ONLY**

APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## CIVIL COVER SHEET, Bankruptcy Appeal (cont'd)

Did the cause of action arise in Nassau or Suffolk County? Yes

If YES, please indicate which county: Suffolk

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

YES Yes                    NO

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

YES      (If yes, please explain)               NO No

Please provide your bar code and e-mail address below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number, or any other four-digit number registered by the attorney with the Clerk of Court. This information must be provided pursuant to local rule 11.1(b) of the local civil rules,

Attorney Bar Code: 19-23079

E-Mail Address srosen@rosenpc.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| ORION HEALTHCORP, INC. *et al.*, | |
| Debtors. | Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | |
| Plaintiff, | Adv. Proc. No. 20-08049 (AST) |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | |
| Defendants. | |

<u>**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**</u>

      Arvind Walia and Niknim Management Inc., pursuant to the Notice of Appeal dated April 10, 2025, of the judgment of the United States Bankruptcy Court for the Eastern District of New York dated April 3, 2025 (the "<u>Judgment</u>"), set forth the following as their statement of issues to be presented on appeal:

1. Whether, by its order dated April 23, 2024, which underlies the Judgment, the Bankruptcy Court erred in granting summary judgment against Defendant-Appellant Niknim Management Inc., notwithstanding the existence of a genuine issue of material fact as to the reasonableness of value received by the debtors because of their exclusive use of the software acquired under the Objectech Membership Purchase Agreement.

2. Whether, by its order dated April 23, 2024, which underlies the Judgment, the Bankruptcy Court erred in denying the Defendants'-Appellants' summary judgment motion by finding that the Plaintiff-Appellee had standing to assert the claims under section 544 of the Bankruptcy Code, notwithstanding the failure to properly plead standing.

*(Signature on following page.)*

Dated: April 16, 2025

Respectfully Submitted,

ROSEN & ASSOCIATES, P.C.

By: /s/ Sanford P. Rosen
       Sanford P. Rosen
PO Box 1274
Shelter Island Heights, NY 11965
(212) 223-1100

*Counsel to Arvind Walia and*
      *Niknim Management Inc., Appellants*

*and*

LAW OFFICES OF EUGENE R. SCHEIMAN, PLLC
570 Lexington Avenue, Suite 1600
New York, NY 10022
(646) 280-9000

*Co-Counsel to Arvind Walia and*
      *Niknim Management Inc., Appellants*

## CERTIFICATE OF SERVICE

     I certify that on April 16, 2025, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

/s/ *Sanford P. Rosen*
   Sanford P. Rosen

2349

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>Defendants. | Adv. Proc. No. 20-08049 (AST) |

**DESIGNATION OF RECORD ON APPEAL AND
STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Arvind Walia and Niknim Management Inc. (together, the "Appellants") designate the following items to be included in the record on appeal, pursuant to the Notice of Appeal dated April 10, 2025, from the order and judgment of the United States Bankruptcy Court for the Eastern District of New York dated April 3, 2025, entering judgment against the Appellants, jointly and individually (the "Judgment"), and set forth the following as their designation of the record on appeal and statement of issues to be presented on appeal:

A.    Designation of Record:

1. Amended Complaint and Exhibits [Docket 22]
2. Answer [Docket 23]
3. Defendants' Motion for Partial Summary Judgment and Exhibits [Docket 51]
4. Plaintiff's Motion for Summary Judgment [Docket 53]
5. Plaintiff's Statement of Undisputed Facts [Docket 54]
6. Affidavit of Jeffrey P. and Exhibits [Docket 55]
7. Affidavit of Edith Wong in Support of Plaintiff's Motion and Exhibits [Docket 56]
8. Affidavit of Frank Lazzara Support of Plaintiff's Motion and Exhibits [Docket 57]
9. Statement-Request for Judicial Notice Nolan in Support of Plaintiff's Motion and Exhibits [Docket 58]

10.  Objection/Opposition to Defendants' Motion for Partial Summary Judgment [Docket 60]

11.  Response-Plaintiff's Response to Defendants' Separate Statement of Facts [Docket 61]

12.  Affidavit of Jeffrey P. Nolan in Opposition to Defendants' Motion and Exhibits [Docket 62]

13.  Affidavit of Arvind Walia in Opposition to Plaintiff's Motion [Docket 64]

14.  Brief in Opposition to Plaintiff's Motion [Docket 65]

15.  Affirmation of Sanford P. Rosen in Opposition to Plaintiff's Motion [Docket 66]

16.  Affidavit of Arvind Walia in Opposition to Plaintiff's Motion [Docket 67]

17.  Memorandum of Law in Opposition to Plaintiff's Motion [Docket 68]

18.  Affidavit of Sanford P. Rosen in Opposition to Plaintiff's Motion [Docket 69]

19.  Reply of Defendants in Support of Motion [Docket 70]

20.  Objection and Request to Strike the Affidavit of Arvind Walia in Support of Motion [Docket 71]

21.  Reply Brief in Support of Plaintiff's Motion [Docket 72]

22.  Affidavit of Jeffrey P. Nolan in Support of Plaintiff's Motion and Exhibits [Docket 73]

23.  Defendants' Corrected Affidavit in Opposition to Plaintiff's Motion [Docket 84]

24.  Affirmation of Sanford P. Rosen in Opposition to Plaintiff's Motion [Docket 85]

25.  Transcript of Ruling Hearing of April 10, 2024

26.  Order Granting and Denying in Part Plaintiff's Motion for Summary Judgment/Summary Adjudication and Denying Defendants Arvind Walia's and Niknim Management, Inc.'s Crossmotion for Summary Judgment; Ruling on Evidentiary Objections; and Establishing Facts as Admitted in the Case Pursuant to FRCP 56(g) [Docket 97]

27.  Order Granting and Denying in Part Judgment against Defendants Arvind Walia and Niknim Management, Inc. [Docket 153]

28.  Judgment against Defendants Arvind Walia and Niknim Management, Inc. [Docket 157]

29.  Notice of Appeal to District Court [Docket 159]

30.  Civil Cover Sheet [Docket 160]

B.  <u>Issues on Appeal:</u>

1.  Whether, by its order dated April 23, 2024, which underlies the Judgment, the Bankruptcy Court erred in granting summary judgment against Defendant-Appellant Niknim Management Inc., notwithstanding the existence of a genuine issue of material fact as to the reasonableness of value received by the debtors because of their exclusive use of the software acquired under the Objectech Membership Purchase Agreement.

2

2. Whether, by its order dated April 23, 2024, which underlies the Judgment, the Bankruptcy Court erred in denying Defendants' summary judgment motion by finding that the Plaintiff had standing to assert the claims under section 544 of the Bankruptcy Code, notwithstanding the Plaintiff's failure to properly plead his standing.

Dated: April 16, 2025                    Respectfully Submitted,

ROSEN & ASSOCIATES, P.C.
*Counsel to Arvind Walia and Niknim*
*Management Inc.*

By:  */s/ Sanford P. Rosen*
        Sanford P. Rosen

PO Box 1274
Shelter Island Heights, NY 11965
(212) 223-1100

LAW OFFICES OF EUGENE R. SCHEIMAN, PLLC
*Co-counsel to Arvind Walia and Niknim*
*Management Inc.*
570 Lexington Avenue, Suite 1600
New York, NY 10022
(646) 280-9000

## CERTIFICATE OF SERVICE

I certify that on April 16, 2025, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

*/s/ Sanford P. Rosen*
        Sanford P. Rosen

Official Form 417A (12/23)

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 18-71748-ast |
| HOWARD M. EHRENBERG IN HIS CAPACITY<br>AS LIQUIDATING TRUSTEE OF ORION<br>HEALTHCORP, INC., ET AL.,<br><br>                Plaintiff,<br><br>        - against -<br><br>ARVIND WALIA; NIKNIM MANAGEMENT,<br>INC.,<br><br>                Defendant. | Adversary Proc. No. 20-08049-ast |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

    1.   Name(s) of appellant(s):
          Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc.,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748

Official Form 417A (12/23)

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☒ Other (describe) Cross-Appellant

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
Order Granting and Denying in Part Judgement Against Arvind Walia and Niknim Management, Inc., Docket No. 153; and Judgement Against Arvind Walia and Niknim Management, Inc., Docket No 157

2. State the date on which the judgment—or the appealable order or decree—was entered:
December 6, 2024; April 3, 2025

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Arvind Walia        Attorney: Sanford P. Rosen
                                         Rosen & Associates
                                         747 Third Avenue
                                         New York, NY 10017-2803

2. Party: Niknim Management, Inc.    Attorney: Sanford P. Rosen
                                              Rosen & Associates
                                              747 Third Avenue
                                              New York, NY 10017-2803

2354

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

        ☒  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

/s/ Jeffrey P. Nolan
_____

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: April 21, 2025
_____

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Ilan D. Scharf; Jeffrey P. Nolan
_____

Pachulski Pachulski Stang Ziehl & Jones
_____

10100 Santa Monica Blvd, 13th Floor
_____

Los Angeles, CA   90067
_____

(310) 277-6910
_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al*.,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS<br>CAPACITY AS LIQUIDATING TRUSTEE OF<br>ORION HEALTHCORP, INC., ET AL.,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT<br>INC.,<br><br>　　　　　　　Defendants. | Adv. Proc. No. 20-08049 (AST) |

## ORDER GRANTING AND DENYING IN PART JUDGMENT AGAINST DEFENDANTS ARIND WALIA AND NIKNIM MANAGEMENT INC.

The Court, having held trial in the above-referenced matter on July 24, 2024, and having considered the evidence, the Court's April 10, 2024 ruling on *Motion for Summary Judgment, or in the Alternative Summary Adjudication as Against Defendants Arvind Walia; Niknim Management Inc*, prior pleadings and the record in this bankruptcy case as a whole; and having set this matter for a ruling conference on November 20, 2024 (the "Ruling Conference"); and sufficient cause appearing; and for the reasons set forth on the record of the Ruling Conference including certain legal and factual findings of the Court,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that:

1.　　Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, to avoid and recover the

transfer in the amount of $2,500,000 (the "First Transfer"), made to the Defendants Arvind Walia and NIKNIM Management, Inc.,  is denied as to either causes of action.

2.    Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, to avoid and recover the transfer in the amount of $1,520,000 (the "Second Transfer") and Fourth Cause of Action For Recovery of Property Pursuant to 11 U.S.C.§544 and  N.Y. Debtor and Creditor Law is granted as to each causes of action.  Defendants NIKNIM Management, Inc., and Arvind Walia, individually, are joint and severally liable for $1,520,000.

3.    Plaintiff's Fifth Cause of Action to Object to the Claim No. 10067, filed in the amount of $61,590, as filed by Arvind Walia, is granted and the claim disallowed pursuant to Bankruptcy Code section 502(d).

4.    Plaintiff is awarded plus pre- judgment interest in accordance with the applicable interest rate as to the Second Transfer as against Defendants Arvind Walia and NIKNIM Management Inc., jointly and individually.

5.    The Court retains jurisdiction over remaining matters related thereto including costs and issuance of judgment.



Dated: December 6, 2024
       Central Islip, New York

_____
              Alan S. Trust
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>                   Debtor. | Chapter 11<br><br>Case No. 18-71748-(AST) |
| HOWARD M. EHRENBERG IN HIS CAPACITY<br>AS LIQUIDATING TRUSTEE OF ORION<br>HEALTHCORP, INC., ET AL.,<br><br>                   Plaintiff,<br><br>       - against -<br><br>ARVIND WALIA; NIKNIM MANAGEMENT,<br>INC.,<br><br>                   Defendant. | Adversary Proc. No. 20-08049-(AST) |

**JUDGEMENT AGAINST AR IND WALIA AND NIKNIM MANAGEMENT INC.**

The Court having called this adversary for the duly scheduled ruling conference on

November 20, 2024, (the "Ruling Conference") following the trial conducted on July 24, 2024,

and the Court having considered the evidence submitted by the parties and issued its order

related thereto, judgment is hereby entered against Arvind Walia and NIKNIM Management,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748

Inc., jointly and individually, in favor of the Plaintiff, Howard M. Ehrenberg, In His Capacity As Liquidating Trustee Of Orion Healthcorp, Inc., as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff recover the following:

1.    Judgment is hereby entered against Defendants, Arvind Walia, and NIKNIM Management, Inc., jointly and individually, and in favor of Plaintiff, Howard M Ehrenberg, the duly appointed Liquidating Trustee for Orion Healthcorp., Inc., in the amount of $1,520,000 in principal plus costs of suit of $350.00 and prejudgment interest, calculated from the date of the filing of the Complaint on March 13, 2020, to judgment, (1,831 days) calculated in accordance with New York State Law at 9    simple interest in the amount of $686,248.76, for a total judgment of $2,206,598.76.

2.    Post-judgment interest shall accrue and be payable by Defendants, Arvind Walia and NIKNIM Management, Inc., jointly and individually at the prevailing federal rate pursuant to 28 U.S.C. § 1961(a) from the date of entry of this Judgment to the date the amount is paid in full.

Dated: April 3, 2025
    Central Islip, New York



_____
    Alan S. Trust
    Chief United States Bankruptcy Judge

2

# Notice Recipients

District/Off: 0207–8              User: admin                   Date Created: 4/4/2025

Case: 8–20–08049–ast            Form ID: pdf000                Total: 6

**Recipients of Notice of Electronic Filing:**
aty        Eugene Ronald Scheiman      eugene.scheiman@scheimanlaw.com
aty        Paris Gyparakis             pgyparakis@pbnlaw.com
aty        Sanford P Rosen             srosen@rosenpc.com

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust        United States Trustee       Long Island Federal Courthouse       560 Federal Plaza – Room 560        Central Islip,
           NY 11722–4437 USA
10129404   Arvind Walia       C/O The Law Office of Eugene R. Scheiman        570 Lexington Avenue, Suite 1600        New
           York, New York 10022
10129405   Niknim Management Inc.       C/O The Law Office of Eugene R. Scheiman         570 Lexington Avenue, Suite
           1600       New York, New York 10022

TOTAL: 3

pRevised 02.13.2025; Effective 02.17.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc, Appellee; Cross-Appellant. | Arvind Walia and Niknim Management, Inc., Appellant; Cross-Appellee. |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**    Attorneys *(Firm Name, Address, and Telephone Number)*
Pachulski Stang Ziehl & Jones LLP (310) 277-6910
780 Third Avenue, 34th Fl.
New York , NY 10017

Rosen & Associates, P.C.    (212) 223-1100
P.O. Box 1274
Shelter Island Heights, NY 11965

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☒ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | | **INTELLECTUAL** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | | ☐ 835 Patent – Abbreviated | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | | New Drug Application | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 710 Fair Labor Standards | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | Act | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | Medical Malpractice | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | **IMMIGRATION** | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| | Employment | ☐ 462 Naturalization Application | 26 USC 7609 | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | Actions | | State Statutes |
| | ☐ 448 Education | | | |

*(PERSONAL INJURY column)*
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28:1334 Bankruptcy Appeal; 422 Bankruptcy Appeal (801)
Brief description of cause:
Order Granting and Denying in Part Judgement Against Arvind Walia and Niknim Management, Inc., Docket No. 153; and Judgement Against Arvind Walia and Niknim Management, Inc., Docket No 157

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| April 21, 2025 | */s/ Jeffrey P. Nolan* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

### CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration    ☐

I, __Jeffrey P. Nolan_____, counsel for __Plaintiff/Appellee; Cross-Appellants_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

     ☒       monetary damages sought are in excess of $150 000, exclusive of interest and costs

     ☐       the complaint seeks injunctive relief

     ☐       the matter is otherwise ineligible for the following reason:

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.

1.  Is the civil action being removed from a state court that is located in Nassau or Suffolk County?    ☐ Yes ☒ No

2.  Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County?    ☐ Yes ☒ No

3.  If you answered "no" to all parts of Questions 1 and 2:

    a.   Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County?    ☒ Yes ☐ No

    b.   Do the majority of defendants reside in Nassau or Suffolk County?    ☒ Yes ☐ No

    c.   Is a substantial amount of any property at issue located in Nassau or Suffolk County?    ☐ Yes ☒ No

4.  f this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☐ Yes ☒ No

*(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

    ☒ Yes    ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

    ☐ Yes (If yes, please explain ☒ No

I certify the accuracy of all information provided above.

**Signature**:  */s/ Jeffrey P. Nolan_____*
             Jeffrey P. Nolan

Revised 02.13.2025; Effective 02.17.2025

# Notice Recipients

District/Off: 0207−8          User: admin                    Date Created: 4/22/2025

Case: 8−20−08049−ast         Form ID: pdf000                Total: 3

**Recipients of Notice of Electronic Filing:**
aty          Jeffrey P Nolan          jnolan@pszjlaw.com
aty          Sanford P Rosen          srosen@rosenpc.com

                                                                    TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust          United States Trustee      Long Island Federal Courthouse      560 Federal Plaza − Room 560      Central Islip,
             NY 11722−4437 USA

                                                                    TOTAL: 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| ORION HEALTHCORP, INC., ET AL., | Case No. 18-71748 (AST) |
| Debtor. | |

| | |
|---|---|
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Proc. No. 20-08049(AST) |
| Plaintiff-Appellee, | Civil Case No. 2:25-cv-02032-RPK (E.D.N.Y) |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT, INC., | |
| Defendants-Appellants. | |

## APPELLEE'S SUPPLEMENTAL DESIGNATION OF RECORD OF ADDITIONAL ITEMS TO BE INCLUDED IN RECORD RE: NOTICE OF APPEAL

Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion

Healthcorp,. Inc., (the "**Appellee**") hereby submits *Appellee's Supplemental Designation Of The*

*Record Of Additional Items To Be Included In The Record Re: Notice Of Appeal of Order*

*Granting and Denying In Part Against Arvind Walia and Niknim Management, Inc. Judgment*

*Against Arvind Walia and Niknim Management, Inc.* (the "**Supplemental Designation**")*,* to the

appeal filed by Defendants, Arvind Walia and Niknim Management, Inc. (the "**Appellant**") as

follows:

## APPELLEE'S SUPPLEMENTAL DESIGNATIONS OF THE RECORD

1.      Stipulation and Order Re Filing of First Amended Complaint; and Entering of

Scheduling Order [Docket No. 20].

2. Stipulation Requesting Amendment to Case Management and Discovery Plan (signed by Judge) [Docket No. 27].

3. Letter of Adjournment [Docket No. 33].

4. Stipulation to Attend Mediation and Toll Remaining Deadlines [Docket No. 34]

5. Letter to Judge Trust re Mediation [Docket No. 37].

6. Declaration of Jeffrey P. Nolan with Regard to Status and Completion of Remaining Expert Discovery [Docket No. 38].

7. Declaration of Sanford P. Rosen with Respect to the Status of the Litigation and the Filing of Plaintiff's Proposed Order to Complete Remaining Expert Discovery and in Response to the Declaration of Jeffrey P. Nolan Submitted in Support of the Order [Docket No. 40].

8. Letter to Judge Trust re note settled after mediation [Docket No. 41].

9. Order to Complete Expert Discovery [Docket No. 42].

10. Letter to Judge Trust Requesting Pre-Motion Conference [Docket No. 45].

11. Stipulation for Scheduling Order re Briefing Schedule for Summary Judgment Motions and Order (signed by Judge) [Docket No. 49].

12. Letter to Judge Trust re Summary Judgment briefing complete [Docket No. 79].

13. Letter to Judge Trust re adjournment of Pretrial Conference [Docket No. 80].

14. Letter to Judge Trust re adjournment of Pretrial Conference [Docket No. 81].

15. Letter to Judge Trust re adjournment of Pretrial Conference [Docket No. 82].

16. Letter to Judge Trust re adjournment of Pretrial Conference [Docket No. 83].

17. Letter to Judge Trust re adjournment of Pretrial Conference [Docket No. 87].

18. Letter to Judge Trust stating Defendants ready to proceed with hearing on Motion for Summary Judgment [Docket No. 88].

19.    Letter to Judge Trust re adjournment of Pretrial Conference [Docket No. 89].

20.    Letter to Judge Trust re adjournment of Pretrial Conference [Docket No. 90].

21.    Letter to Judge Trust re adjournment of Pretrial Conference [Docket No. 91].

22.    Adversary Pre-Trial Scheduling Order [Docket No. 92].

23.    Request For Judicial Notice [Docket No. 136].

24.    Joint Pre-Trial Memorandum [Docket No. 137].

Dated:  April 30, 2025            PACHULSKI STANG ZIEHL & JONES LLP


By    */s/Jeffrey P. Nolan*
      Ilan D. Scharf, Esq.
      Jeffrey P. Nolan, Esq. *(admitted pro hac vice)*
      780 Third Avenue, 34th Floor
      New York, New York 10017
      Telephone: (212) 561-7700
      Facsimile: (212) 561-7777

      *Counsel for Howard M. Ehrenberg in his*
      *capacity as the Liquidating Trustee of Orion*
      *Healthcorp, Inc., et al.*

## <u>CERTIFICATE OF SERVICE</u>

STATE OF NEW YORK     )
                            )

COUNTY OF NEW YORK   )

      I, Rolanda Mori, am over the age of eighteen years, am employed by Pachulski Stang Ziehl & Jones LLP. I am not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003.

      On April 30, 2025, in addition to service via the Court's ECF system, I caused a true and correct copy of the following document to be served via electronic mail upon parties set forth on the service list annexed hereto as Exhibit A.

- *Appellee's Supplemental Designation Of Record Of Additional Items To Be Included In Record Re: Notice Of Appeal*

      I declare under penalty of perjury, under the laws of the State of New York and the United States of America that the foregoing is true and correct.

                   */s/ Rolanda Mori*
                   Rolanda Mori

## EXHIBIT A

**SERVICE BY E-MAIL**

| NAME | NOTICE NAME | EMAIL |
|------|-------------|-------|
| Sanford P. Rosen, Esq. Paris Gyparakis, Esq. **ROSEN & ASSOCIATES, P.C.** 747 Third Avenue New York, NY 10017-2803 | *Defendants Arvind Walia and Niknim Management Inc.* | srosen@rosenpc.com pgyparakis@rosenpc.com |
| Eugene Ronald Scheiman, Esq. **The Law Office of Eugene R. Scheiman** 570 Lexington Avenue Suite 1600 New York, NY 10022 Email: | *Defendants Arvind Walia and Niknim Management Inc.* | eugene.scheiman@scheimanlaw.com |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| ORION HEALTHCORP, INC., ET AL., | Case No. 18-71748 (AST) |
| Debtor. | |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Proc. No. 20-08049 (AST) |
| | Civil Case No. 25-cv-02032 (RPK) |
| Plaintiff-Appellee- Cross Appellant, | |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT, INC., | |
| Defendant-Appellants-Cross-Appellees. | |

**CROSS-APPELLANT'S DESIGNATION OF RECORD OF ITEMS TO BE INCLUDED IN RECORD RE: CROSS-APPEAL; STATEMENT OF ISSUES ON CROSS-APPEAL**

Appellee, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp,. Inc., (the "Cross-Appellant") hereby submits *Cross-Appellant's Designation Of The Record Of Items To Be Included In The Record Re: Notice Of Cross-Appeal* of Judgment and Order Granting and Denying In Part Judgment Against Arvind Walia and Niknim Management, Inc. (the "**Designation**")*, and Statement of Issues on Cross-Appeal* as follows:

**CROSS-APPELLANT'S DESIGNATION OF THE RECORD**

1.      Amended Complaint [Docket No. 22].

2.      Answer [Docket No. 23].

3.      Motion For Summary Judgment or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc. [Docket No. 53].

4.      Statement of Undisputed Facts / Joint Statement of Uncontroverted Facts in Support of Plaintiff's Motion for Summary Judgment or, in the Alternative, Summary Adjudication; Plaintiff's Additional Statement of Facts Filed by Jeffrey P Nolan on behalf of Howard M Ehrenberg [Docket No. 54].

5.      Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc. [Docket No. 55].

6.      Affidavit in Support / *Affidavit of Edith Wong in Support of Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc.* [Docket No. 56].

7.      Affidavit in Support / Affidavit of Frank A. Lazzara in Support of Motion for Summary Judgment, or in the Alternative, Summary Adjudication.  [Docket No. 57].

8.      Statement / Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc.  [Docket No. 58].

9.      Affidavit of Arvind Walia in Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 64].

10.      Brief of Defendants in Opposition to Motion for Summary Judgment [Docket No. 65].

11.      Affirmation of Sanford P. Rosen in Opposition to Motion for Summary Judgment [Docket No. 66].

12.      Opposition of Arvind Walia to Plaintiff's Motion for Summary Judgment  [Docket No. 67].

13.    Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 68].

14.    Objection and Request to Strike the Affidavit of Arvind Walia Submitted in Opposition to Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication [Docket No. 71].

15.    Reply Brief in Support of Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Arvind Walia and Niknim Management, Inc. [Docket No. 72].

16.    Affidavit in Support / Affidavit of Jeffrey P. Nolan in Support of Plaintiffs Motion for Summary Judgment, or in the Alternative, Summary Adjudication [Docket No. 73].

17.    Partial Judgment Against Niknim Management, Inc. [Docket No. 117].

18.    Trial Brief of Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc. [Docket No. 131].

19.    Trial Affidavit of Craig Jacobson, Expert [Docket No. 132].

20.    Trial Affidavit of Plaintiff's Expert, Max Mitchell [Docket No. 133].

21.    Trial Affidavit of Frank Lazzara [Docket No. 134].

22.    Joint Pre-trial Memorandum and Pre-Trial Submissions [Docket No. 137].

23.    Plaintiff's Conclusions of Law [Docket No. 138].

24.    Letter to the Court Pursuant to Order entered on July 25, 2024. Filed by Sanford P Rosen [Docket No. 145].

25.    Letter to Honorable Alan S. Trust Pursuant to Trial Order Entered on July 24, 2024 Filed by Jeffrey P Nolan [Docket No. 147].

26.    Notice of Errata and Lodging of Corrected Exhibit A to Trial Brief of Plaintiff (Lodging April 10, 2024 Transcript of Ruling) [Docket No. 148].

27.    Order Granting and Denying in Part Judgment against Defendants Arvind Walia and Niknim Management Inc. [Docket No. 153].

28.    November 20, 2024 Ruling Conference Transcript [Docket No. 154].

29.    Judgment by U.S. District Court, Eastern District of New York [Docket No. 156.]

30.    Judgment Against Arvind Walia and Niknim Management, Inc. [Docket No. 157].

31.    Notice of Appeal [Docket No. 159].

32.    Notice of Cross-Appeal [Docket No. 168].

33.    Transcript of July 24, 2024, Trial.

## STATEMENT OF ISSUES ON CROSS-APPEAL

1.    Where The Defense To The <u>First Transfer</u> Of Receipt Of An Intentional Or Constructively Fraudulent Transfer Was Premised On A Contract Which Included The Defendants' Admission The Contract Purposely Misstated The Purchase Price And Diverted Millions Of Dollars To Insiders, While At The Same Time Not Paying Creditors, Did The Bankruptcy Court Error In Ruling That The Trustee Failed To Carry His Burden To Establish The Intent To Hinder, Delay, Or Defraud Either Present Or Future Creditors.

2.    Did The Bankruptcy Court Misapply NY Debt & Cred Law 273 In Holding The <u>First Transfer</u> Was Made In Good Faith Where Two Insiders Paid An Alleged Antecedent Debt, At the Same Time Unsecured Creditors Were Not Being Paid, Were Forced To Sue And Which Debts Remained Unpaid At The Time Of The Bankruptcy Filing?

3.      At Trial, Did The Defendants Submit Any Admissible Evidence That The <u>First</u>

<u>Transfer</u> Of $2.5M Made On April 15, 2016, Resulted In Any Value, Let Alone Reasonably

Equivalent Value, Added To The Estate Of The Debtor That Otherwise Would Be Available To

Creditors?

Dated:  May 5, 2025                     PACHULSKI STANG ZIEHL & JONES LLP


By      */s/ Jeffrey P. Nolan*_____
        Ilan D. Scharf, Esq.
        Jeffrey P. Nolan, Esq. *(*admitted *pro hac vice)*
        780 Third Avenue, 34th Floor
        New York, New York 10017
        Telephone: (212) 561-7700
        Facsimile: (212) 561-7777

        *Counsel for Howard M. Ehrenberg in his*
        *capacity as the Liquidating Trustee of Orion*
        *Healthcorp, Inc., et al.*

## <u>CERTIFICATE OF SERVICE</u>

STATE OF NEW YORK    )
                               )
COUNTY OF NEW YORK  )

      I, Rolanda Mori, am over the age of eighteen years, am employed by Pachulski Stang Ziehl & Jones LLP. I am not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003.

      On May 5, 2025, in addition to service via the Court's ECF system, I caused a true and correct copy of the following document to be served via electronic mail upon parties set forth on the service list annexed hereto as Exhibit A.

- *Cross-Appellant's Designation Of Record Of Items To Be Included In Record Re: Cross-Appeal; Statement Of Issues On Cross-Appeal*

      I declare under penalty of perjury, under the laws of the State of New York and the United States of America that the foregoing is true and correct.

                                */s/ Rolanda Mori*
                                Rolanda Mori

## EXHIBIT A

**SERVICE BY E-MAIL**

| NAME | NOTICE NAME | EMAIL |
|---|---|---|
| Sanford P. Rosen, Esq.<br>Paris Gyparakis, Esq.<br>**ROSEN & ASSOCIATES, P.C.**<br>747 Third Avenue<br>New York, NY 10017-2803 | *Defendants Arvind Walia and Niknim Management Inc.* | srosen@rosenpc.com<br>pgyparakis@rosenpc.com |
| Eugene Ronald Scheiman, Esq.<br>**The Law Office of Eugene R. Scheiman**<br>570 Lexington Avenue<br>Suite 1600<br>New York, NY 10022<br>Email: | *Defendants Arvind Walia and Niknim Management Inc.* | eugene.scheiman@scheimanlaw.com |